## MITCHELL et al. v. JACKS CREEK MINING CO. et al.

Court of Appeals of Kentucky.
May 9, 1952.

J. D. Buckman, Jr., Atty. Gen., Squire N. Williams, Jr., Asst. Atty. Gen., Armand Angelucci, Asst. Atty. Gen., for appellants.

Joe Hobson, Prestonsburg, for appellees.

WADDILL, Commissioner.

The circuit court set aside an award of the Workmen's Compensation Board entered in the case of Willie Mitchell v. Jacks Creek Mining Company and remanded the case to the Board for a rehearing, with directions to the Board to consider the deposition of Dr. G. P. Archer which the Board had rejected. This deposition had been taken pursuant to an agreement between counsel of the respective parties after the case had been pending before the Board for over 14 months and after the case had been ordered submitted by the Board for decision. The Compensation Board appeals.

In order to clarify and simplify hearings before it, the Compensation Board, by virtue of authority vested in it by KRS 342.-260, has adopted and published certain rules of practice and procedure. Rule No. 9 provides that every hearing before the Board, or one of its members, shall be conducted in a summary manner; that claims shall stand for hearing 20 days after application for adjustment is filed; that in the event plaintiff is unable to complete his proof at that hearing, he shall be granted upon request, 30 days thereafter in which to conclude proof in chief by deposition, at which time plaintiff's taking of proof will stand closed whether so announced or not. After expiration of plaintiff's time the claim shall again be referred for hearing upon request of defendant. If such request is not made, defendant shall have 30 days to take proof by deposition.

Plaintiff then has 5 days thereafter to take depositions in rebuttal, at which time the case will stand submitted for decision. The rule further provides:

"Extensions of time to take proof will not be granted upon consent of parties but only for good cause shown."

■ In Department of Mines & Minerals v. Castle, Ky., 240 S.W.2d 44, we held that the Compensation Board was justified in refusing to consider a deposition that had not been taken within the time allotted for that purpose. We now adhere to the ruling enunciated therein which in effect prohibits the parties or counsel from abrogating the Board's rules by agreement. In view of that opinion, we are now concerned solely with the question of whether or not the Compensation Board acted arbitrarily and unreasonably in the exercise of its administrative discretion.

In considering this question we must look to the proceedings before the Board. The record reflects that at the time appellee tendered and offered to file the deposition of Dr. Archer, appellee's counsel filed his supporting affidavit which in substance stated that the deposition of Dr. Archer was not taken within the time provided by the Board as the Floyd Circuit Court had been in continuous session for sometime and counsel had been unable to arrange a suitable date because of pressing court engagements.

The compensation claimant was injured on February 24, 1948; application for adjustment of the claim was filed before the Board on February 2, 1949; the case was assigned for oral hearing on April 29, 1949; at the conclusion of this hearing this order was entered:

"Evidence for plaintiff taken in part, and parties are given the following number of days to complete by deposition; plaintiff thirty days; defendant thirty days thereafter; plaintiff ten days for rebuttal."

On December 20, 1949, and again on February 21, 1950, the Board granted the parties extensions of time to complete the taking of their proof. After the expiration of the time granted, and on May 2, 1950, the Board entered an order submitting the case for decision. The parties were sent a copy of this order which also provided time for them to prepare and file their briefs.

■ In light of the record we are of the opinion that the Board's action in rejecting the deposition of Dr. Archer was neither arbitrary nor unreasonable.

■ If the Board should be required to grant "extensions of time" on every motion made therefor without a right to exercise its discretion in passing upon the merits of the motion, it is conceivable that a case might continue indefinitely thereby denying to the parties the summary proceeding contemplated by the Compensation Act. The public policy of this Commonwealth favors the expediting by the administrative agency of hearings of this nature when it is possible to do so without violating our fundamental law.

The judgment is reversed for proceedings not inconsistent with this opinion.