**FAYETTE COUNTY BOARD OF EDU- CATION, Appellant,**

**v.**

**Wanda Mae PHILLIPS, Appellee.**

Court of Appeals of Kentucky.

March 28, 1969.

Leslie W. Morris, II, Stoll, Keenon & Park, Lexington, for appellant.

Elwood Rosenbaum, Lexington, for appellee.

DAVIS, Commissioner.

At issue is whether appellee has lost her right to maximum benefits under our Workmen's Compensation Act by reason of the inadvertent failure to prove an undisputed fact. The Board ruled that the failure of proof was fatal. On appeal the circuit court ruled otherwise; hence, the employer's present appeal.

Appellee worked full time for appellant as a bus driver. On September 30, 1965, she informed her supervisor that she had accepted employment at Parker Seal Company and arranged to go on a "relief-driver" basis with appellant. Later she was put on full-time bus work, but for the morning routes only. It was fully known

by her supervisor that her duties at Parker Seal prevented appellee's working more extensively for appellant.

On February 22, 1966, while in the course of her employment with appellant, the appellee was severely and permanently injured. The insurance carrier for appellant accepted appellee's claim as a compensable one and initiated compensation payments to her, based on the $5.80 daily wage paid by appellant. It seems clear that the insurance carrier's attorneys and appellee's attorney were unaware of her employment at Parker Seal during the early stages of the claim. Appellee was so disabled for many weeks following her injury as to preclude any opportunity for her attorney to interview her.

It appears that the first document filed with the Board was an "Employer's First Report of Injury" in which the relatively small wages paid to appellee by appellant were reported and made the basis for fixing her rate of compensation for total disability. That paper was filed February 28, 1966.

On August 23, 1966, appellee filed her first document with the Board, asserting entitlement to medical allowances in excess of $3500, as provided by KRS 342.020(2). At the hearing set pursuant to that application, the parties stipulated that appellee's medical expenses exceeded $13,000. No real issue was raised except that appellant sought a ruling from the Board as to how much and to whom medical payments should be paid.

Then, on March 8, 1967, appellee filed an amended application for adjustment of benefits, in which she asserted her entitlement to maximum benefits based on her earnings at Parker Seal, considered with her earnings from her employment by appellant. The amended application specifically alleged that her concurrent employment at Parker Seal had been entered upon with the knowledge of appellant. The basis for appellee's claim in this respect is found in KRS 342.140(5) which provides:

"When the employe is working under concurrent contracts with two or more employers and the defendant employer has knowledge of such employment prior to the injury, his wages from all such employers shall be considered as if earned from the employer liable for compensation."

There was never a denial of these allegations. The regulations of the Workmen's Compensation Board do not require denial, but treat affirmative allegations as controverted. See WCB1–3–d.

Subsequently, appellee testified about her work at Parker Seal and her wages there. There was no direct evidence for appellee that appellant had prior knowledge of her employment at Parker Seal. Her discussion of the matter warrants an inference that her supervisors were fully informed, since her work schedule was materially changed.

With the record in this condition, the case was submitted to the Board. On October 23, 1967, the Board rendered its opinion and award in which it found total, permanent disability, but limited the award to $20 per week based on appellee's wages from appellant. The same award directed appellant to pay medical expenses of $14,800. In treating the matter of appellee's employment at Parker Seal and explaining its basis for denying the claim for enlarged benefits, the Board's opinion recited in part:

"This record shows that it is peculiar indeed how knowledge of concurrent employment was not in prominence during the period of plaintiff's association with both the Fayette County Board of Education as a school bus driver and as an employee of the Parker Seal Company; but this, nevertheless, is obviously true."

The Board's opinion and award came as a bombshell to appellee's counsel, who believed and argued in memorandum brief to the Board that direct proof had been offered as to appellant's "prior knowledge"

of appellee's Parker Seal employment. On October 31, 1967, appellee's counsel filed a motion to reopen, predicated upon "mistake" as mentioned in KRS 342.125. The Board ordered a hearing on that motion. At the hearing it was shown by appellee and her supervisor that appellant had complete "prior knowledge" of appellee's Parker Seal employment. But the Board overruled the motion to reopen, expressing the view that the inadvertent failure to positively prove the "prior knowledge" was not such a "mistake" as warranted reopening under KRS 342.125.

Appellee appealed to the circuit court where the order of the Board was reversed. The circuit court concluded that it was unnecessary to determine whether counsel's inadvertent failure to present in evidence by affirmative proof appellant's prior knowledge of the Parker Seal employment constituted a "mistake" within the purview of KRS 342.125. The circuit court pointed out that KRS 342.285(3) (e) includes, in the scope of the circuit court's judicial review, determination of whether the Board's order, decision, or award is arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. It was the view of the circuit court that the Board abused its discretion in not considering the testimony of appellee and her supervisor relating to the question of prior knowledge of the Parker Seal employment just as if it had been timely placed in the record before the matter had been submitted and decided. The circuit court felt bolstered in its conclusion by the fact that there had been no controversy or dispute as to appellant's prior knowledge of the Parker Seal employment.

In seeking reversal of the circuit court's ruling, the appellant contends that (1) it was error to hold that the Board abused its discretion in failing to regard the proof taken on the motion to reopen as sufficient additional proof to warrant maximum benefits; (2) the circuit court erred in holding that it was unnecessary to determine whether a "mistake" was presented within the purview of KRS 342.125; and (3) the word "mistake" as used in KRS 342.125 does not embrace the mistake of counsel as presented in this record.

Appellant calls to our attention the demanding necessity for some finality in decisions by the Workmen's Compensation Board. That precept was noted in Kentucky Wagon Mfg. Co. v. Esters, 221 Ky. 63, 297 S.W. 811, and is one with which we do not quarrel. On the other side of that coin, however, is the pervading policy, express and implicit in KRS Chapter 342, recognizing that awards may be changed in light of circumstances warranting such changes. It is true, of course, that awards may not be modified capriciously or whimsically. KRS 342.125, the reopening section, has definite limitations which have been construed in many decisions of this court. Some of the decisions, cited by the litigants, include Messer v. Drees, Ky., 382 S.W.2d 209, and Wells v. Fox Ridge Mining Co., Ky., 243 S.W.2d 676. In Messer, we pointed out:

> "But bearing in mind that compensation laws are fundamentally for the benefit of the injured workmen, a just claim must not fall victim to rules of order unless it is clearly necessary in order to prevent chaos." Id. 382 S.W.2d 212.

In Wells, an agreed award had been entered pursuant to a settlement. The employee sought to reopen on the ground that he had failed to understand that he was settling his claim on the basis of 22¾ per cent because he did not read the contract. After concluding that there was no evidence of fraud, overreaching, or mistake, the Board refused to reopen the matter and that decision was affirmed by this court. In Wells, the court referred to Johnson v. Hardy-Burlingham Mining Co., 205 Ky. 752, 266 S.W. 635, in which the court pointed out that the purpose of the Workmen's Compensation Act is to provide a speedy and scientific adjustment of compensation for industrial injuries. The

court reiterated the familiar premise that it is the policy of courts to construe provisions of the act liberally so as to accomplish the purpose intended. KRS 342.004 tersely expresses that policy:

"This chapter shall be liberally construed on questions of law, as distinguished from evidence, and the rule of law requiring strict construction of statutes in derogation of the common law shall not apply to this chapter."

This court recognizes that the philosophy of the Workmen's Compensation Act admits of more liberal construction of law than obtains in common-law proceedings. For example, see Brewer v. Millich, Ky., 276 S.W.2d 12, 15, in which it was said in reference to whether an injured person was an employee or an independent contractor:

"In answering this question, the approach to be used is that of determining the relation of employer-employee under the Workmen's Compensation Act rather than of master and servant or principal and agent in tort actions. The workmen's compensation approach is broader and uses a more liberal construction favoring the employee."

It is interesting to note that CR 11 is designed to prevent attorneys from filing denials of facts known to be true. CR 56.03 provides for summary judgment procedure where there is no genuine issue as to any material fact, and CR 56.07 provides a sanction against bad faith or delaying affidavits in summary judgment proceedings. It would be anomalous to permit the appellant to take advantage of an unwritten denial of an admitted fact in a workmen's compensation case in light of the law's policy against unwarranted denials even in common-law proceedings. There was no genuine issue of fact respecting appellant's knowledge of appellee's Parker Seal employment.

Approaching the present problem mindful of the policy we have mentioned, we find a situation in which an employee has been totally and permanently disabled in the course and scope of covered employment. The employer and its insurance carrier have never disputed the employee's right to maximum compensation and have virtually recognized the employee's right to enhanced medical allowances. The only matter unresolved in this proceeding is the proper computation of admittedly due benefits. When the employer filed its first report of injury, doubtless prepared by an attorney for the insurance carrier who was unaware of appellee's Parker Seal employment, it represented to the Board that appellee's wages were $5.80 per day. At that time it was known to appellant's supervisory employees that appellee had concurrent employment at Parker Seal. If the attorney for the insurance carrier had actually known of that concurring employment, we have no doubt that this fact would have been disclosed to the Board in the employer's first report of injury. In truth there was a "mistake" when the employer represented to the Board that the employee's wage scale embraced only her bus driver's salary. When the appellee's attorney first was able to discover the fact of the Parker Seal employment, he made it known to the Board and pointed out that such circumstance entitled appellee to maximum benefits. No issue was made of this by appellant, and as we have noted, there was no technical requirement that appellant file a formal denial. Prior to submission of the case, there was considerable reference in evidence about the circumstances of appellee's employment at Parker Seal, including the fact that her work schedule for the appellant had been modified substantially. If appellee's attorney had inquired of her respecting her Parker Seal employment: "Did the school board know about it?" she would have truthfully answered "yes," and the appellant would have admitted the truth of her answer. The Board would have allowed appellee maxi-

mum benefits as required by KRS 342.-140(5), and this appeal would never have appeared here.

 In our view the palpable miscarriage of justice reflected in the result reached by the Board is completely at odds with the fundamental policy of the Workmen's Compensation Act. We are fully aware of the necessity for orderly procedures in workmen's compensation cases, and we recognize the essential need for finality in disputed litigation. The appellant recognizes that a trial court may, in its sound discretion, permit a litigation to re-open a case before verdict in order to present evidence inadvertently omitted. But, says the appellant, a trial court has no such discretion after a verdict has been rendered. Appellant equates the present situation with an effort to reopen a jury case after the verdict is in. There are some similarities, but there are overriding dissimilarities. In the first place, a jury is an *ad hoc* entity whereas the Workmen's Compensation Board is a continuing body. More importantly, the Board exists for the purpose of implementing the administration of the policy enunciated in the workmen's compensation law.

We conclude that a "mistake" within the meaning of KRS 342.125 existed in this case. We need not premise our ruling on the inadvertence of appellee's counsel, but feel that the "mistake" of the employer itself in failing to apprise the Board at the outset of facts within its knowledge is a sufficient one to compel the result reached in the circuit court. We agree with the circuit court that it was an abuse of discretion for the Board to fail to amend its award in conformity with the admitted facts in the circumstances presented.

It is our view that no procedural chaos will arise from the decision we now render. We do not suggest that workmen's compensation claimants may *importune* the Board for leave to present additional proof as to controverted issues with a view to

persuading the Board to change an award. That is not the situation here.

The judgment is affirmed.

EDWARD P. HILL, MILLIKEN, OSBORNE, PALMORE, REED and STEINFELD, JJ., concur.