James R. YOCOM, Commissioner of Labor and Custodian of the Special Fund, Appellant,

v.

Wilburn BUTCHER et al., Appellees.

Court of Appeals of Kentucky.

March 25, 1977.

Discretionary Review Denied
June 29, 1977.

G. C. Perry, III, Paintsville, Fred G. Francis, Prestonsburg, William L. Huffman, Workmen's Compensation Bd., Frankfort, for appellees.

William F. Gadd, Dept. of Labor, Frankfort, for appellant.

Before HOWARD, LESTER and PARK, JJ.

PARK, Judge.

The appellee, Wilburn Butcher, filed a claim with the Workmen's Compensation Board asserting that he was totally and permanently disabled from silicosis as a result of being exposed to the hazards of silicosis while employed over a long period of years in the coal industry. March 14, 1972, was given as the date of Butcher's disability. On December 17, 1973, the Board entered an order dismissing Butcher's claim on the ground that he had failed to prove that he had been continuously exposed to the hazards of the disease for at least two years immediately prior to his disability. The Board found that there was a four months' interruption in Butcher's exposure to the disease in that he did not work in the coal industry from December 10, 1970, through April 19, 1971. *Young v. Jones,* Ky., 481 S.W.2d 268 (1972); KRS 342.316(4). The order dismissing Butcher's claim was appealed to the Johnson Circuit Court. The circuit court ruled that the refusal of the Board to consider a deposition of Butcher taken October 18, 1973, was arbitrary, capricious and an abuse of discretion. KRS 342.285(3)(e). The circuit court remanded the case to the Board with directions that the Board consider all of the evidence offered by Butcher. The Special Fund appeals.

The record before the Board reveals the following chronicle:

April 4, 1972  Butcher's claim filed with the Board.

April 14, 1972  The Special Fund filed a motion that the Board hold Butcher's claim in abeyance, or, in the alternative, dismiss the claim on the ground that Butcher's application failed to set forth his work history as required by KRS 342.-316(2)(b)(1). The motion asserted that, "the work history contained in plaintiff's application is a rambling and narrative account containing few if any specific dates of employment."

May 4, 1972  The Board sustained the motion to hold the claim in abeyance until Butcher filed a further work history.

May 15, 1972  Butcher amends his original application by tendering a handwritten work history. This work history revealed a four month interruption in Butcher's employment in the coal industry running from the date his employment was terminated with the Lois Coal Company on December 10, 1970, until his employment by the Bonnie Coal Company on April 19, 1971.

June 12, 1972  The Board set aside its order holding the case in abeyance and ordered the amended work history filed.

June 23, 1972  Butcher's claim was heard by the Board. During his testimony, Butcher's attorney read the amended work history to Butcher and asked "is that right?" Butcher answered "that's right." Following the hearing, the Board granted Butcher 30 days within which to complete his proof by deposition.

July 25, 1972  Butcher filed a printed form motion for an extension of time within which to complete his proof.

August 2, 1972  Transcript of June 23 hearing filed.

August 7, 1972  By order, the Board granted Butcher until August 23, 1972, to complete his proof.

August 21, 1972  Butcher files a second printed form motion for an extension of time to complete proof.

September 6, 1972 Board grants plaintiff until September 23, 1972 to complete proof.

September 8, 1972 Plaintiff files third printed form motion for an extension of time to complete proof.

September 25, 1972 Board grants Butcher to October 23, 1972, to complete proof.

November 14, 1972 The Special Fund moves for an extension of time to complete its proof in order that it may have Butcher examined, and a deposition taken if necessary.

December 4, 1972 The Board grants the Special Fund to December 23, 1972, to complete its proof.

December 13, 1972 The Special Fund files a second motion for an extension of time to complete proof.

January 3, 1973 The Board grants the Special Fund to January 15, 1973, to complete proof. The Board's order provided: "last extension to be granted."

January 12, 1973 The Special Fund files a third motion for an extension of time to complete proof.

February 5, 1973 The Board overrules the Special Fund's motion for an extension of time.

February 8, 1973 Butcher files a fourth printed form motion for an extension of time to complete proof.

February 16, 1973 Board orders the case submitted for opinion and judgment.

March 8, 1973 Butcher files fifth printed form motion for extension of time to complete proof.

March 26, 1973 The Board sets aside its order of submission and grants Butcher an additional 30 days to complete rebuttal proof.

April 23, 1973 Butcher files sixth printed form motion for extension of time to complete proof.

May 7, 1973 The Board grants Butcher to May 26, 1973, to complete rebuttal proof.

May 29, 1973 Butcher files seventh printed form motion for extension of time to complete proof.

June 11, 1973 The Board grants Butcher 30 days from May 26 within which to complete proof.

June 26, 1973 Butcher files his brief.

September 10, 1973 The Board orders the case submitted for opinion and judgment.

September 20, 1973 The Special Fund files its brief in which it points out the four months' interruption in Butcher's employment between December 10, 1970, and April 19, 1971.

October 1, 1973 Butcher files a typewritten motion requesting fifteen days to take an additional deposition of the plaintiff concerning his work record. The motion states: "through error we failed to introduce this man's entire work record during the last twenty-four month period."

October 5, 1973 Butcher files eighth printed form motion for an extension of time.

October 18, 1973 By deposition, Butcher testifies that he was employed as a coal truck driver by Stambaugh & Blair between December 10, 1970, and April 1971.

October 22, 1973 The Board overrules Butcher's motions of October 1 and October 5 for additional time to complete proof by deposition.

October 25, 1973 Butcher files supplemental deposition which was taken October 18.

December 17, 1973 Opinion and order of the Board refuses to consider the deposition of October 18 "since the Board had previously overruled the plaintiff's right to take this deposition."

In support of his contention that it was an abuse of discretion for the Board to refuse to consider the deposition of October 18, 1973, Butcher relies upon the decision in *Searcy v. Three Point Coal Co.*, 280 Ky. 683, 134 S.W.2d 228 (1939). However, when fairly read and quoted, that decision does not support Butcher's contention. The Court of Appeals stated:

"Necessarily the Workmen's Compensation Board, or any other tribunal, in which is vested by law the power to hear

evidence and make decisions thereon, has the power to compel the taking of evidence before it within reasonable limits of time and this power should not be subject to the control of courts unless such tribunal acts in an arbitrary or unreasonable manner such as to indicate an abuse of discretion. One of the cardinal purposes of the compensation act is to facilitate the hearing of those claims speedily and in an informal manner and in carrying out this purpose of the Act the Board is necessarily vested with authority to require proof to be taken promptly. * * *.

"The circuit court may, in a proper case, where the Board has arbitrarily refused to permit evidence to be introduced, set aside an award and remand the case to enable a party to produce his evidence but may not wrongfully adopt this procedure when every opportunity has been afforded by the Board for proof to be taken, and when the Board has exercised a reasonable discretion in denying an extension of time for taking proof." 134 S.W.2d at 231–32.

The Court of Appeals held that the circuit court was in error when it remanded the case to the Board with directions to permit the employer to take further proof. This decision was followed in *Shackelford v. Shackelford*, Ky., 254 S.W.2d 503 (1953) in which it held the Board did not abuse its discretion in refusing to consider certain proof offered by the employer which was taken by stipulation of the employer, but after the order of the Board directing that the employee's case be closed.

In *Mitchell v. Jacks Creek Mining Company*, Ky., 248 S.W.2d 926 (1952) the Court of Appeals reversed a judgment of the circuit court remanding the case to the Board with directions to consider a deposition taken by agreement of the parties. The case had been pending before the Board for over fourteen months and the Board had ordered the case submitted for decision. In holding that there had been no abuse of discretion by the Board, the Court of Appeals stated:

"If the Board should be required to grant 'extensions of time' on every motion

made therefor without a right to exercise its discretion in passing upon the merits of the motion, it is conceivable that a case might continue indefinitely thereby denying to the parties the summary proceeding contemplated by the Compensation Act. The public policy of this Commonwealth favors the expediting by the administrative agency of hearings of this nature when it is possible to do so without violating our fundamental law." *Id.*, at 927.

In the present case, the four month gap in Butcher's employment record was apparent from May 15, 1972, the date the amended work history was filed with the Board. A cursory examination of the transcript of the hearing held on June 23, 1972, would have revealed that there was no proof that Butcher had been employed in the coal industry between December 10, 1970, and April 19, 1971. If there was error in the practice of Butcher's claim, the Special Fund in no way contributed to that error.

The only case that remotely supports Butcher's contention is *Fayette County Board of Education v. Phillips*, Ky., 439 S.W.2d 319 (1969). Neither party has cited this case to the court. However, we will discuss that case lest it appear that there are two parallel lines of authority, in direct conflict with each other. In that case, the Court of Appeals held that it was error for the Board to refuse to reopen a case in order for the employee to prove an element of her case which had been omitted by mistake. The employee was working under concurrent contracts of employment. In order to receive the maximum possible benefits, the employee had to prove that the defendant employer had knowledge of the other employment prior to the injury. In her amended application for benefits, the employee had specifically alleged that her concurrent employment was with the knowledge of the defendant employee. After an award had been entered based upon a finding that the defendant employee did not know of the concurrent employment, the employee sought to reopen the case under KRS 342.125 on the grounds of "mis-

take." At a hearing before the Board on that motion, it was established beyond any question that the defendant employer did have prior knowledge of the concurrent employment. Nevertheless, the Board held that such failure of proof did not constitute a "mistake" within the meaning of KRS 342.125. The Court of Appeals held that it was an abuse of discretion for the Board to refuse to reopen the case to consider the additional proof. The court pointed out that there was no genuine issue with respect to the defendant employer's knowledge of the concurrent employment. Because it was the defendant employer's responsibility to apprise the Board of the concurrent employment in the employer's first report of injury, the court specifically held that it was the "mistake" of the employer itself in failing to apprise the Board at the outset of facts within its knowledge which compelled a finding that the Board had abused its discretion in refusing to reopen the case.

The *Phillips* case can be distinguished from this case on two grounds. First, the facts omitted from the proof were not within the Special Fund's knowledge. From the very beginning of the proceeding, the Special Fund questioned the work history of the employee. Butcher was the only person who could supply the information about the work history. Second, Butcher's amended application for benefits never alleged employment between December 19, 1970, and April 19, 1971. The Special Fund was never notified that Butcher claimed that he was employed in the coal business during the period in question, until after the case had been submitted and the Special Fund had filed its brief raising the issue.

Taking into consideration the fact that the evidence in question was always within Butcher's own knowledge, that the gap in his work history was apparent from his amended application, and that the Board gave Butcher numerous extensions of time within which to complete his proof, this court concludes that the Board did not abuse its discretion by refusing to consider the deposition of October 18, 1973.

For the foregoing reasons, the judgment of the circuit court is reversed, and the case is remanded to the circuit court with directions to affirm the order of the Workmen's Compensation Board.

All concur.