**PENNWALT CORPORATION (now Atochem North America, Inc.), Appellant,**

v.

**Larry D. BEALE, Director of Special Fund; Mary Yvonne Hurst; Workers' Compensation Board; and Hon. Richard H. Campbell, Jr., Administrative Law Judge, Appellees.**

No. 91–CA–001974–WC.

Court of Appeals of Kentucky.

Sept. 4, 1992.

Case Ordered Published by Court of Appeals Nov. 6, 1992.

Thomas L. Osborne, Paducah, for Mary Yvonne Hurst.

Before EMBERTON, HUDDLESTON and STUMBO, JJ.

STUMBO, Judge.

This appeal arises from a death claim filed by appellee, Mary Yvonne Hurst (hereinafter "Hurst"). At issue is whether the appellee, Larry D. Beale, Director of the Special Fund (hereinafter "Special Fund"), must reimburse appellant, Pennwalt Corporation (now Atochem North America, Inc.), (hereinafter "Pennwalt"), for one-half of any benefits previously paid by Pennwalt to Hurst. The Administrative Law Judge (hereinafter "ALJ") ordered the Special Fund to reimburse Pennwalt for one-half of both the weekly benefits and the two-year lump sum paid on Hurst's remarriage. KRS 342.750(1)(c). The Workers' Compensation Board (hereinafter "Board") reversed. We affirm the decision of the Board.

Hurst's claim was sustained by the "old" Board on September 23, 1985, and clarified in its October 30, 1985, order. Hurst was awarded $147.44 per week, which was apportioned 50% to Pennwalt and 50% to the Special Fund. The deceased's life expectancy was calculated at approximately twenty-three years. Pennwalt was responsible for paying all the benefits during the first half of the projected life expectancy, and the Special Fund would have been liable thereafter for the duration of Hurst's award.

Hurst remarried on February 19, 1988, well within the first half of the projected life expectancy, which was approximately eleven and one-half years. The total amount of benefits paid to that date was $17,839.85. Pursuant to KRS 342.750(1)(c), Pennwalt paid the required two-year lump-sum benefit payment to Hurst, again, well within the first half of Hurst's decedent's projected life expectancy. The lump-sum payment was in the amount of $15,901.81.

R. Christion Hutson, Whitlow, Roberts, Houston & Russell, Paducah, for appellant.

David R. Allen, Louisville, for Special Fund.

Thereafter, Pennwalt moved for reimbursement from the Special Fund. The ALJ ordered the Special Fund to reimburse Pennwalt in the amount of $16,870.83, or half of all benefits paid. The Board reversed on appeal, finding that KRS 342.120 (the statute governing Special Fund liability) was inapplicable because the benefits were paid entirely during the period of Pennwalt's responsibility. The Board also noted the "law of the case" doctrine prohibited reimbursement since another panel of this Court, on the direct appeal of the original award, had previously rejected Pennwalt's arguments.

Though Pennwalt requests reinstatement of the ALJ's opinion *in toto*, the arguments in its brief before this Court are limited to the requested reimbursement for one-half of the lump-sum payment. In Pennwalt's brief, it states, "[t]he employer in the case at hand, Pennwalt Corporation, does not dispute its responsibility for benefits during the first period of an award pursuant to KRS 342.120(4) [now KRS 342.120(6)]."

■ We will initially consider the question of whether the "law of the case" doctrine bars Pennwalt from seeking reimbursement. One issue on direct appeal was whether it was constitutional for KRS 342.-120 to expose the employer to first liability. This Court, in an unpublished opinion, concluded the argument was without merit, stating:

> We reach this conclusion notwithstanding that a remarriage of Hurst's widow may result in an inequity between Pennwalt and the Special Fund, inasmuch as the fund may never be required to fulfill its obligation under the award. Nevertheless, we fail to see how one obligor has a constitutional claim to performance by a separate obligor.

As a result, it appears the question here presented has previously been resolved un-

favorably to Pennwalt in a decision now final. We must, therefore, conclude the "law of the case" doctrine prohibits further review. *See Siler v. Williford*, Ky. 375 S.W.2d 262 (1964).

■ Even if we were to review the merits of this appeal, we would still affirm.[1] The statute now provides that the employer must pay all benefits during the initial portion of the award for a period of the award proportionate to its percentage of liability. KRS 342.120(6), which was KRS 342.120(4) at the time of injury, has remained unchanged in substance. As a result of a change in the statute, which was enacted in 1982, the employer has been held liable for all interest accruing on the award, because it bears sole responsibility during the initial period of the award. *A & K Coal Company v. Blankenship*, Ky. 708 S.W.2d 638, 640 (1986). We find the logic of *A & K Coal* to be controlling in the instant appeal. Notably, the lump-sum payment was made during the period for which Pennwalt was solely liable. The payment of the lump sum terminated Pennwalt's liability to Hurst. It also simultaneously terminated *all* liability to Hurst. *See* KRS 342.-750(1)(c). Therefore, *Palmore v. Helton*, Ky., 779 S.W.2d 196 (1989), upon which Pennwalt relies, is distinguishable, because in *Palmore* there was liability remaining after the employer had paid off its obligation by lump sum. *Id.*, at 198. Since all liability to Hurst was terminated by the lump-sum payment, there was nothing remaining for the Special Fund to do. Thus the Board was correct in holding Pennwalt solely liable. If Pennwalt deems this result to be unfair, it can attempt to take recourse with the General Assembly, or take solace that there are cases in which the Special Fund will have to pay more than its proportionate share when a claimant outlives her life expectancy. *See Stovall v. Williams*, Ky.App., 675 S.W.2d 6, 7 (1984).

---

1. It may be the court in the previous appeal did not have to reach the question here presented, since it could be read to have merely decided the constitutional question was without merit because no authority was cited by Pennwalt. If the question was not necessary to the decision, it would be *obiter dictum*, and not necessarily binding on this Court. *See Siler, supra.*

For the reasons set forth above, we affirm the Opinion of the Board, which reversed the Order of the ALJ.

All concur.