**Robert L. WHITTAKER, Director of Workers' Compensation Funds, Appellant,**

v.

**Cynthia K. HALL, Deceased; James C. Hall, Surviving Spouse of Cynthia K. Hall; Peyton's Inc.; Hon. Donna H. Terry, Administrative Law Judge; Hon. Sheila C. Lowther, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 2003–SC–0048–WC.

Supreme Court of Kentucky.

Jan. 22, 2004.

As Modified on Denial of Rehearing May 20, 2004.

David W. Barr, Workers' Compensation Funds, Frankfort, Counsel for Appellant.

Edward A. Mayer, Mayer Law Office, Louisville, Counsel for Appellees, Cynthia K. Hall and James C. Hall.

Walter E. Harding, Boehl Stopher & Graves, Louisville, Counsel for Appellee, Peyton's Inc.

## OPINION OF THE COURT

An Administrative Law Judge (ALJ) awarded benefits to a deceased worker's estate and to her surviving spouse. Liability was apportioned equally to the employer and Special Fund. During the pendency of an appeal concerning the duration of the defendants' payment periods under the award, the surviving spouse remarried. After the award became final, the employer moved for "clarification" and a reopening of the award, seeking an adjustment in the defendants' payment periods based upon the reduced value of the award due to the surviving spouse's remarriage. Relying upon *Wheatley v. Bryant Auto Service,* Ky., 860 S.W.2d 767 (1993), an ALJ granted the motion, reopened the award, and ordered the employer and Special Fund to pay their proportionate share of the benefits that would actually be due under the award. The Workers' Compensation Board (Board) and the Court of Appeals affirmed. Having concluded, however, that the reopening was unauthorized, we reverse.

On July 15, 1993, Cynthia Hall was injured while working. She filed a workers' compensation claim and was awarded a 50% permanent, partial disability, with benefits apportioned equally between the employer and Special Fund. Following an appeal, this Court remanded the claim for further consideration. Shortly thereafter, on October 7, 1999, Mrs. Hall died from a cause that was unrelated to her claim, and her surviving spouse, James C. Hall, was substituted as a party. On May 2, 2000, an Administrative Law Judge (ALJ) awarded a permanent, total disability, apportioned equally. Following petitions for reconsideration, an order of July 24, 2000, indicated that income benefits were payable to Mrs. Hall's estate from October 23, 1993, through October 7, 1999, the date of her death. As provided by KRS 342.730(3), 50% of the benefit was payable to her surviving spouse from October 8, 1999, for the remainder of her life expectancy. The order provided that if Mr. Hall remarried before the compensable pe-

riod expired, he was entitled to a lump sum payment under KRS 342.730(3)(e). Following the Special Fund's petition for reconsideration of the July 24 order, an order entered on September 20, 2000, repeated that liability for the benefits awarded was apportioned equally between the defendants. The order directed the employer to pay all benefits initially, subject to its proportionate share.

Appealing, the Special Fund asserted that, despite Mrs. Hall's death, the defendants' payment periods should have been based upon her life expectancy at the time she became totally disabled. Rejecting the argument, the Board affirmed the ALJ's decision to apportion the known value of the award. The Court of Appeals affirmed on October 26, 2001, and no appeal was taken from that decision.

On January 4, 2002, after the award became final, the employer filed a motion for clarification of the award. On January 23, 2002, the employer also filed a motion to reopen and for clarification of the award. The motions asserted that the value of the entire award could now be determined with certainty because Mr. Hall had remarried during the pendency of the appeal to the Court of Appeals. Maintaining that the employer had already paid 50% of the income benefits that actually would be due under the award, the motion asserted that the Special Fund was responsible for the balance.

Responding to the motion, the Special Fund asserted that the Department of Workers' Claims (Department) lost jurisdiction over the claim when the Court of Appeals' decision became final. Thus, the ALJ did not have jurisdiction to grant the employer's motion and reopen the award. Under the terms of the final award, the employer was responsible for the initial 50% of the benefits awarded. Based upon the facts as they existed at the time, the

ALJ awarded $253.34 per week from October 29, 1993, through October 7, 1999, and $127.67 per week from October 8, 1999, through the remainder of Mrs. Hall's life expectancy on the date of accident. The Special Fund's position was that since Mr. Hall remarried during the employer's payment period under the award, the employer was responsible for the two-year lump sum to which Mr. Hall was entitled under KRS 342.730(3)(e).

Relying upon *Wheatley v. Bryant Auto Service, supra,* the ALJ reopened the claim in order to resolve the dispute between the parties as a result of "the unforeseen circumstances following its rendition" and to render "a more explicit award." Noting that the award held the defendants equally liable for all benefits awarded, the ALJ determined that there was no discernable legal distinction between the question that the Court of Appeals had considered when affirming the underlying award and the question that was presently in dispute. The ALJ concluded, therefore, that the defendants were equally liable for "all known benefits." Affirming the decision, the Board determined that "the contingency of the widower's remarriage necessitated a reopening so that the award could conform with reality." The Court of Appeals affirmed and adopted the Board's opinion.

■ A final workers' compensation award is the equivalent of a judgment and is enforceable as such in circuit court. KRS 342.305. Nonetheless, KRS 342.125(1) permits the reopening of an otherwise final award upon a showing of one of several specified grounds for reopening. A motion to reopen, accompanied by prima facie evidence of one of the specified grounds, is the procedural device by which a party may invoke the Department's jurisdiction to do so. *Id.* If one of the

specified grounds exists, an ALJ may also reopen an award sua sponte. *Id.*

One of the permissible grounds for reopening is "mistake." KRS 342.125(1)(c) [previously KRS 342.125(1)]. Under the provision, reopening is permitted to address a mutual mistake of fact or a misconception of the cause, nature, or extent of disability at the time an award is rendered. *See Fayette County Board of Education v. Phillips*, Ky., 439 S.W.2d 319 (1969). *Messer v. Drees*, Ky., 382 S.W.2d 209 (1964). The provision may also be used to correct a mistake of law in an award that has not been reviewed on appeal. *Wheatley v. Bryant Auto Service, supra; Stearns Coal and Lumber Co. v. Vanover*, 262 Ky. 808, 91 S.W.2d 518 (1936).

In *Wheatley v. Bryant Auto Service, supra*, an ALJ mistakenly awarded income benefits for 425 weeks rather than life. No appeal was taken from the decision. Some 35 days later, after the award had become final, the ALJ realized the mistake and amended the opinion and order to reflect the correct duration. A question then arose over whether the ALJ's action was authorized. Noting that an admitted mistake in applying the law could be corrected in a civil proceeding under CR 60.02, we determined that the ALJ was authorized by KRS 342.125(1) to reopen the award, *sua sponte*, in order to correct what was a patent error in applying the law as it existed at the time of the award.

Mrs. Hall died shortly after this Court remanded the claim for further consideration, and Mr. Hall was substituted as the plaintiff. On May 2, 2000, the ALJ awarded Mrs. Hall a total disability, payable for life. On July 24, 2000, after considering Mr. Hall's petition for reconsideration, the ALJ amended the award based upon the facts that were in existence at the time it was rendered. As a result, benefits were awarded to Mrs. Hall's estate up until her

death, and survivors' benefits were awarded to Mr. Hall thereafter for the duration of her life expectancy. The amended award also provided that in the event Mr. Hall remarried before the expiration of the compensable period, he was entitled to the lump sum payment that was authorized by KRS 342.730(3)(e). On September 20, 2000, when ruling on the Special Fund's petition for reconsideration, the ALJ again ordered that "all benefits awarded herein are apportioned equally between the defendant-employer and the Special Fund, with the defendant-employer directed to pay all benefits initially, subject to its proportionate share." After the Court of Appeals affirmed the apportionment of all known benefits, the award became final, and the defendants' payment periods under the award were fixed.

Unlike the situation in *Wheatley v. Bryant, supra*, the ground for reopening the present award was not a mistake in the ALJ's application of the law when rendering it. Furthermore, unlike the situation in *Fayette County Board of Education v. Phillips, supra*, or in *Messer v. Drees, supra*, the award was not the product of a misconception of the facts as they existed when it was rendered. Although characterized as a reopening to "clarify" the award, the basis for reopening was to address a post-award change in the facts, namely, that the total amount of benefits to be paid under the award had decreased because the surviving spouse remarried. Therefore, the employer maintained that the defendants' payment periods should be recalculated.

■ KRS 342.125 does not authorize a reopening to clarify an award. Under certain circumstances, reopening is a remedy for a mistake in an award, but "mistake" is not a proper ground to reopen an award that was correct under the facts that existed when it was rendered. In other words,

there is no mistake in an award simply because the recipient later dies and/or the surviving spouse remarries. Under KRS 342.120, the defendants' payment periods under an award are based upon their respective shares of the total benefits that are awarded, and the employer pays its entire liability first. Just as the employer is not required to pay additional benefits if a worker outlives the projected life expectancy, its payment period is not shortened if a post-award change in the facts causes benefits to cease before the entire award is paid out. See *Pickands Mather & Co. v. Newberg*, Ky., 895 S.W.2d 3, 5–6 (1995); *Pennwalt Corporation v. Beale*, Ky.App., 840 S.W.2d 830, 832 (1992).

In the present case, benefits were awarded to Mrs. Hall's estate and her surviving spouse based upon the facts that were in existence at that time. Although Mr. Hall's subsequent remarriage changed the amount of benefits that would ultimately be due under the award, it did not render the award a "mistake." Absent any of the grounds that are specified in KRS 342.125(1), a reopening and adjustment of the defendants' payment periods due to subsequent events was unauthorized.

The decision of the Court of Appeals is reversed, and the defendants' payment periods under the award that was entered on May 2, 2000, and amended on July 24, 2000, are reinstated.

LAMBERT, C.J., and GRAVES, JOHNSTONE, KELLER, STUMBO and WINTERSHEIMER, JJ., concur.

COOPER, J., files a separate opinion concurring in part and dissenting in part.

COOPER, Justice, concurring in part and dissenting in part.

The error that the majority opinion has made in this case is akin to a "category mistake." *See* Gilbert Ryle, *The Concept of Mind* 16 (1949). The opinion correctly concludes that the ALJ order from which this appeal is taken is not an order resolving a motion to reopen under KRS 342.125 as that provision only pertains to motions to "end, diminish, or increase compensation previously awarded." KRS 342.125(4). The "motion for clarification/ motion to reopen" filed in this case did not request, nor did the ALJ purport to grant, such relief. The motion only requested clarification of the apportionment status of a previously entered award that had reached its conclusion by operation of law because the injured worker's widower remarried during the pendency of the appeals.

However, KRS 342.125 does not govern all motions to reopen, just those that seek to "end, diminish, or increase compensation previously awarded." The motion filed in this case falls with the purview of KRS 342.325:

All questions arising under this chapter, if not settled by agreement of the parties interested therein, with the approval of the administrative law judge, shall be determined by the administrative law judge except as otherwise provided in this chapter.

Notably, no authority precludes the Board, upon motion of either party, from resolving a dispute as to the meaning and effect of a previously entered award. In fact, *Hale v. Nugent Sand Co.*, Ky.App., 657 S.W.2d 246 (1983), *overruled on other grounds by Brown Badgett, Inc. v. Calloway*, Ky., 675 S.W.2d 389 (1984), held that "[t]he Board has continuing jurisdiction over the amounts payable under an Award." *Id.* at 247 (citations omitted). It just cannot "end, diminish, or increase compensation previously awarded" absent compliance with the procedural requirements of the reopening statute, KRS

342.125(1). Thus, the ALJ was not, as the majority concludes, without jurisdiction to entertain a motion to resolve a "question[s] arising under this chapter," *i.e.*, the interpretation of the apportionment status of a previously entered award.

The opinion and award for which clarification was requested was entered on May 2, 2000, and modified by orders granting petitions for reconsideration entered on July 24 and September 20, 2000. The need for clarification is apparent from the following chronological record:

*July 15, 1993*—Cynthia K. Hall was injured in a work-related accident while employed by Peyton's, Inc. She was forty-two years old and married to James C. Hall. She continued to work until October 29, 1993.

*January 28, 1997*—The original opinion and award was entered awarding Mrs. Hall TTD benefits of $253.34 per week through March 20, 1995, payable by the employer, and PPD benefits of $126.68 (sic) payable for life for a 50% permanent partial disability, apportioned equally between the employer and the Special Fund. At the time of Mrs. Hall's injury, KRS 342.120(6) provided, *inter alia*, as follows:

> [T]he employer shall be liable for the payment of all income benefits until the benefits paid have reached a percentage of the full income benefits awarded by the administrative law judge which is equal to the percentage of disability which would have resulted from the latter injury or occupational disease had there been no pre-existing disability or dormant, but aroused disease or condition.

Thus, the employer's portion of the liability (50% of life expectancy) was payable first with the remainder payable by the Special Fund. During the pendency of the appeals from this award, the employer paid Mrs. Hall $253.34 per week from Oc-tober 29, 1993—March 25, 1995, and $126.68 per week from March 25, 1995— April 17, 1999, in aggregate, totaling $49,516.32.

*June 6, 1997*—The Workers' Compensation Board ("Board") reversed the original award, holding that it relied upon the clearly erroneous finding of fact that Mrs. Hall could return to work, and remanded for additional findings consistent with its opinion. In a later opinion on a subsequent appeal, the Board explained that it reversed and remanded the initial award because the ALJ had applied a standard of "what might have been" rather than "what was." *Peyton's Inc. v. Hall*, Claim No. 93–27664, slip op. at 3 (Jan. 24, 2001). (Remember those words.)

*December 4, 1998*—The Court of Appeals affirmed.

*September 23, 1999*—This Court affirmed in part, reversed in part, and remanded to the ALJ "for additional specific findings on the question of occupational disability and *for the entry of an award which is consistent with those findings.*" *Whittaker v. Peyton's Inc.*, Ky., No. 97–CA–1681–WC, slip op. at 10 (Sept. 23, 1999) (emphasis added).

*October 7, 1999*—Mrs. Hall died of causes unconnected to her work-related injury. At the time of her death, no award existed in her favor (or, at best, the previous award became a nullity upon the finality of the Supreme Court opinion on October 14, 1999, per CR 76.30(2)). KRS 342.730(3) provides, *inter alia*, as follows:

> [W]hen an employee, who has sustained disability compensable under this chapter, and who has filed, or could have timely filed, a valid claim in his lifetime, dies from causes other than the injury before the expiration of the compensable period specified, *portions of the income benefits specified and unpaid at the in-*

*dividual's death,* whether or not accrued or due at his death, shall be paid, under an award made before or after the death, for the period specified in this section . . .:

(a) To the widow or widower . . . benefits at fifty percent (50%) of the rate specified in the award.

(Emphasis added.) Under this statute, after October 29, 1999, the only person entitled to claim benefits because of Mrs. Hall's work-related injury was her widower, Mr. Hall. Presumably, KRS 395.195 and .196 would authorize her personal representative to claim on behalf of her estate those benefits that accrued prior to her death. However, while all concerned have treated this case as if the estate were a party, no personal representative has filed a separate SF 101 or motion to intervene on behalf of Mrs. Hall's estate.

Apparently, no one apprised the Board of Mrs. Hall's death. Nor has any claim for benefits been filed by Mr. Hall. Nevertheless, similar to the putative estate, the parties have treated this case as if Mr. Hall had either filed a separate claim or intervened. In this respect, the parties, the ALJ, and the board have all relied on language contained in *Whittaker v. Patrick,* Ky., No.2000–SC–1095–WC, slip op. (Sept. 27, 2001), an unpublished opinion, which by law, may not be cited as authority. CR 76.28(4)(c) ("Opinions that are not to be published shall not be cited or used as authority in any other case in any court of this state.").

*May 2, 2000*—Pursuant to the mandate expressed in this Court's opinion of September 23, 1999, the ALJ made additional findings of fact and rendered a new opinion awarding Mrs. Hall $253.34 per week in lifetime benefits for permanent total disability, apportioned 50% against the employer and 50% against the Special Fund. Again, the award ordered the employer's portion of the benefits to be paid "for the number of weeks proportionate to its respective liability" before any payments were due from the Special Fund. *Hall v. Peyton's Inc.,* Claim No. 93–27664, slip op. at 5 (May 2, 2000).

*July 24, 2000*—The ALJ granted the petitions for reconsideration filed by both the "plaintiff" and the employer, neither of which is in this record. The order identifies the plaintiff as "James C. Hall, surviving spouse of Cynthia K. Hall" and amends the award of May 2, 2000, to read as follows:

[W]eekly benefits in the amount of $253.34, representing the total and permanent occupational disability, are to be paid to the estate of Cynthia Hall [though the estate was never made a party] for the period from October 29, 1993 through her date of death on October 7, 1999. . . . The defendant is entitled [to] credit for all benefits heretofore voluntarily received. From October 8, 1999 and continuing thereafter for the remainder of Ms. Hall's life expectancy, the defendants are to pay the sum of $126.67 to James C. Hall, surviving spouse of Cynthia Hall [though he never filed a claim or a motion to intervene]. . . . All benefits awarded herein are apportioned equally between the defendant-employer and the Special Fund, *with the defendant employer ordered to pay all benefits initially, subject to its proportionate share.* In the event that Mr. Hall remarries prior to the expiration of compensable period, benefits are to be paid pursuant to KRS 342.730(3)(e).

*Hall v. Peyton's Inc.,* Claim No. 93–27664, slip op. (July 24, 2000) (emphasis added).

*September 20, 2000*—The ALJ also granted the Special Fund's petition for reconsideration (which is also not in the record), reciting the same language em-

phasized in the July 24, 2000, order. The Special Fund appealed, interpreting the "subject to its proportionate share" language to mean that the Special Fund was liable for 50% of the income benefits payable from October 23, 1993—October 7, 1999, even though those benefits accrued during the employer's initial payment period.

*January 24, 2001*—The Board affirmed. With respect to the apportionment of the award made to the estate, the board distinguished *Williamson v. Island Creek Coal Co.*, Ky.App., 899 S.W.2d 499 (1995), relied on our aforementioned unpublished opinion in *Whittaker v. Patrick, supra*, and analogized this case to *Leeco, Inc. v. Crabtree*, Ky., 966 S.W.2d 951 (1998), which held that the employer was entitled to the benefit of the former "tier down" provision in KRS 342.730(4) even though the "tier down" of benefits would not occur in that case until the Special Fund's payment period. *Id.* at 955–56. Here, the exact amount of benefits owed to the estate was known at the time of the award and the employer had not yet paid the full amount sought to be apportioned to the Special Fund. (The employer did not seek apportionment of the benefits that accrued from October 29, 1993—March 25, 1995, the period for which the employer had already paid the entire amount owed, but only of those benefits that accrued from March 26, 1995—October 7, 1999, the period during which the employer had paid only less than 50% of the entire amount now deemed to be owed).

> KRS 342.125 prohibits . . . a reopening from affecting benefits previously paid. However, when no such benefits have been paid, apportionment ab initio is appropriate. *Newberg v. Cash*, Ky.App., 854 S.W.2d 791 (1993).

*Peyton's Inc. v. Hall*, Claim No. 93–27664, slip op. at 7 (Jan. 24, 2001). Although the award was not a reopened award but a new award rendered after remand, the same principle applies.

*October 26, 2001*—The Court of Appeals affirmed, adopting the Board's opinion verbatim, also citing and quoting our aforementioned unpublished opinion in *Whittaker v. Patrick, supra:*

> We conclude, therefore, that where a worker dies before receiving an award of income benefits, the benefits that accrue before his death and any benefits that continue to his survivors after his death must both be viewed by the ALJ as parts of the same award. As a result, any benefits that are payable to the worker's estate and any remaining benefits that are payable to survivors must be treated as parts of a whole, and the sum of those benefits must be apportioned.

*Whittaker v. Hall*, Ky.App., No.2001–CA–000390–WC, slip op. at 9 (Oct. 26, 2001) (quoting *Whittaker v. Patrick, supra* ). The Court of Appeals then concluded, "[T]he Board did not err in ordering the known value of the award to be apportioned equally between Peyton's and the Special Fund." *Id.* As no further appeal was taken, these holdings are now the law of this case. *Pennwalt Corp. v. Beale*, Ky.App., 840 S.W.2d 830, 832 (1992).

Meanwhile . . .

*May 27, 2001*—Mr. Hall remarried. KRS 342.730(3)(e) provides that when an employee entitled to benefits dies from causes unrelated to the work-related accident and the widow or widower subsequently remarries, benefits are payable:

> To the widow or widower upon remarriage, up to two (2) years, benefits as specified in the award and proportioned under paragraphs (a) or (b) of this subsection, if the proportioned benefits remain unpaid, to be paid in a lump sum.

The *facts* that generated the "motion for clarification" were (1) the Special Fund's continued refusal pay its apportioned share of the benefits owed to Mrs. Hall's estate from March 26, 1995—October 7, 1999; (2) the Special Fund's refusal to pay its apportioned share of the survivor's benefits owed to Mr. Hall from October 8, 1999—May 21, 2001; and (3) the Special Fund's refusal to pay its apportioned share of the two-year lump sum benefit payable to Mr. Hall after May 21, 2001. In each instance, the actual value of each award is now known and the amounts awarded remain unpaid.

*January 28, 2002*—Again relying on our aforementioned unpublished opinion in *Whittaker v. Patrick,* the ALJ held that the Special Fund was liable for its apportioned share of all three awards.

*June 26, 2002*—The Board affirmed, holding, "[T]he contingency of the widower's remarriage necessitated a reopening so that the award could conform with reality.... [B]ased on *Whittaker v. Patrick,* the award required modification so as to conform with the reality of the widower's remarriage." *Whittaker v. Hall,* Claim No. 93–27664, slip op. at 11 (June 26, 2002).

*December 23, 2002* The Court of Appeals affirmed, adopting the Board's opinion verbatim and further holding that the law of the case doctrine precluded it from reconsidering its previous opinion of October 26, 2001. *Whittaker v. Hall,* Ky.App., No.2002–CA–001586–WC, slip op. at 12 (Dec. 20, 2002).

Because KRS 342.325 vests the ALJ with jurisdiction to resolve such disputes, I would affirm the ALJ, the Board, and the Court of Appeals in all respects. Obviously, the Court of Appeals' opinion of October 27, 2001, is the law of the case with respect to the apportionment of the award of benefits to the estate. The same reasoning that upheld that apportionment applies as well to the apportionment of the award of survivor's benefits owed to Mr. Hall, *i.e.,* the actual value of benefits owed is now known and benefits remain unpaid. Since the actual value of two-year lump sum benefits owed to a widow or widower upon remarriage will always be known, the Special Fund's argument that the employer must pay the entire lump sum because it falls within the employer's payment period is specious at best. The ALJ simply conformed the previously entered award to reality. In contrast, the majority opinion conforms only to "what might have been" instead of "what is." *Peyton's Inc. v. Hall,* Claim No. 93–27664, slip op. at 3 (Jan. 24, 2001).

Accordingly, I dissent.