(No. 12265.—Judgment affirmed.)

THE CRESCENT COAL COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(TILLIE NEVITT, Admx., Defendant in Error.)

*Opinion filed December 18, 1918.*

WORKMEN'S COMPENSATION—*when payment of medical and hospital fees in excess of $200 cannot be deducted.*  If the employer pays for medical services and hospital and nurses' fees during the employee's illness, between the accident and his death, an amount in excess of the $200 limit fixed by section 8 of the Compensation act, it is not entitled to deduct the excess from the amount of compensation awarded to the widow and children unless there was an agreement or understanding by them to that effect.

WRIT OF ERROR to the Circuit Court of Peoria county; the Hon. CLYDE E. STONE, Judge, presiding.

WEIL & BARTLEY, for plaintiff in error.

J. FRANK LASLEY, (HENSON, GILBERT & HELMICK, of counsel,) for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

John W. Nevitt, an employee of the Crescent Coal Company, was injured in the company's mine on November 22, 1915, and died as a result of the injury on January 7, 1917. He left a widow and children, and a disagreement having arisen as to the amount of compensation to which his beneficiaries were entitled, an application was filed by his administratrix with the Industrial Commission on March 3, 1917, for an award under the Workmen's Compensation act. An award was made, which the Industrial Commission confirmed, and the circuit court of Peoria county quashed a writ of *certiorari* sued out to review the proceedings. A writ of error has been sued out to reverse that judgment.

The right to compensation is not questioned, but plaintiff in error insists that it should have credit for $544.10 paid by it for medical and hospital services and nurses. Section 7 of the Workmen's Compensation act provides that the amount of compensation to be paid for an injury to an employee resulting in death, if he leaves a widow, child or children, shall be a sum equal to four times the average annual earnings of the employee, but not less than $1650 and not more than $3500, and any compensation payments other than necessary medical, surgical or hospital fees or services shall be deducted in ascertaining the amount payable on death. Section 8 provides the compensation for an injury not resulting in death shall include provision of first aid, medical, surgical and hospital services, and also medical, surgical and hospital services for a period not longer than eight weeks and not exceeding the amount of $200. In *Butler Street Foundry Co.* v. *Industrial Board,* 277 Ill. 70, we held that the total amount which is to be awarded

for first aid, medical, surgical and hospital services is $200. The plaintiff in error expended $744.10 for hospital services, nurses, medicines, physicians and surgeons in caring for the deceased in the illness resulting from his injuries, and no question is made but that the services rendered were necessary and the amount fair, reasonable and customary for the services performed. They were rendered with the knowledge and consent of the deceased and his wife, who is the administratrix, and the plaintiff in error insists that they should be regarded as a part of the compensation. It is not claimed, however, that there was any agreement that they should be so held. On the contrary, the widow stated that she was never told that the amounts were to be taken out of the compensation. If the plaintiff in error had paid the amount to the widow with the understanding that it was a part of the compensation it would have been entitled to a deduction of it from future payments even though it was also understood that the money was to be used for hospital, medical and surgical purposes and for nurses, or if it had paid the bills with the understanding that the amount was to be regarded as a part of the compensation it would have been entitled to a like deduction. The employer, however, is not entitled to a deduction for the payment of such expenses without such agreement. A payment made voluntarily or upon request must be regarded as having been made gratuitously or in the expectation of saving the life of the employee or reducing his disability and reducing the total compensation for which the employer would eventually be liable.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE STONE took no part in this decision.