## Stearns Coal & Lumber Co. v. Vanover et al.

(Decided Feb. 25, 1936.)

TYE, SILER, GILLIS & SILER for appellant.

WILL H. CAYLOR for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Affirming.

Sam Vanover was in the employ of the Stearns Coal & Lumber Company and both had accepted the provisions of the Workmen's Compensation Act (Ky. St. sec. 4880 et seq.). On January 31, 1930, he received severe injuries arising out of and in the course of his employment. Thereafter he applied to the Workmen's Compensation Board for compensation. Three questions were submitted to the board: (1) The extent and duration of Vanover's disability; (2) did he violate a safety rule so as to incur a 15 per cent. penalty provided by the Compensation Law; and (3) should the company be given credit on the compensation to the extent of its expenditures for hospitalization and medical care in excess of $200? On July 7, 1931, all these questions were decided in favor of Vanover, and no appeal was taken from the decision of the board.

On April 14, 1934, the Stearns Coal & Lumber Company moved the board to reopen the case on the ground of mistake in that the board should have allowed it to credit the compensation with the sums paid Vanover for hospitalization and medical care in excess of $200, and asked that the credit be then allowed. The board declined to reopen the case, and on petition for review by the Whitley circuit court the ruling of the board was affirmed. From that order this appeal is prosecuted.

The controlling statute is section 4902, Kentucky Statutes, reading as follows:

"Upon its own motion or upon the application of any party interested and a showing of change of conditions, mistake or fraud, the board may at any time review any award or order, ending, diminishing or increasing the compensation previously awarded, within the maximum and minimum provided in this act, or change or revoke its previous order, sending immediately to the parties a copy of its subsequent order or award. Review under this section shall be had upon notice to the parties interested and shall not affect the previous order or award as to any sums already paid thereunder."

On behalf of appellant the argument is that under the authority of Harvey Coal Corporation v. York, 252 Ky. 605, 67 S. W. (2d) 977, sums expended in ex-

cess of $200 for surgical and medical care and hospitalization of the employee are a proper credit against the compensation allowed, and that the Compensation Board in denying this item in the first instance did so through a mistake of law for which under the statute the case may be reopened. On the other hand, counsel for appellee not only challenges the soundness of the ruling in Harvey Coal Corporation v. York, supra, but insists that the power of the board to change or revoke a previous order on the ground of mistake is confined to mistakes of fact and does not include mistakes of law which can be corrected on appeal. A similar question arose in California, where the Industrial Accident Commission is authorized by statute to "rescind, alter or amend any such order, decision or award made by it upon good cause appearing therefor" (St. 1917, p. 850, sec. 20 (d), and the Supreme Court held that a mistake of law constituted "good cause" for the exercise of the commission's continuing jurisdiction. Bartlett Hayward Co. v. Industrial Accident Commission, 203 Cal. 522, 265 P. 195. Later on the question arose again in United Dredging Co. v. Industrial Accident Commission, 208 Cal. 705, 284 P. 922, and the Supreme Court of California, after reaffirming the doctrine laid down in Bartlett Hayward Co. v. Industrial Accident Commission, supra, held that the power of the Industrial Commission to amend its order based upon an incorrect view of the law previously adopted did not extend to a case where the award had been sustained on appeal. Clearly, if a mistake of law is "good cause" for review of an order or decision of the board, it is not perceived why our statute authorizing a review on the ground of mistake should not include mistakes of law as well as fact. Indeed, the plain purpose of the statute is to enable the board to deal with the situation in such a way as to prevent an injustice being done. We therefore conclude that, unless the case has been passed on by the court on appeal, the board may at any time within the period for which compensation is allowed change or revoke any order on the ground of mistake of law.

We come next to the question, whether the board should have allowed as a credit on the compensation any sum expended by appellant in excess of $200 for medical, surgical, and hospital treatment. Section 4906,

Kentucky Statutes, providing that any payments made or the value of supplies furnished by the employer or his insurer during the period of disability to the employee or his dependents, which by the terms of the act were not due or payable when made or furnished, may with the approval of the board be deducted from the amount due as compensation, deals with supplies other than nursing, medical, and surgical supplies, and is not controlling. Section 4883, Kentucky Statutes, deals specifically with medical, surgical, and hospital treatment, including nursing, medical, and surgical supplies and appliances, and provides that the employer shall not be liable for such expenditures in excess of 90 days or $100, unless the board shall by order made within that time direct an extension of the period of treatment or direct an extension of the limit of expense to not exceeding $200. It is generally held that, where the employer or insurer voluntarily incurs expense for medical, surgical, and hospital treatment in excess of the statutory amount, such excess cannot be deducted from the amount of compensation to which the injured employee or his dependents may be entitled. Snyder's Workmen's Compensation Law, vol. 2, sec. 493. In Illinois the limit of the employer's liability for medical and hospital fees is $200, and it was held that, if the employer paid for medical and hospital services an amount in excess of that sum, he was not entitled to deduct the excess from the amount of compensation awarded the widow and children of the deceased employee unless there was an agreement or understanding to that effect. Crescent Coal Co. v. Industrial Commission, 286 Ill. 102, 121 N. E. 171. No reason is perceived why our statute should not be given the same construction. The purpose of the Workmen's Compensation Act is to give the employee or his dependents compensation, and if the employer is permitted to pay out sums for medical, surgical, and hospital treatment in excess of his statutory liability, and compel the employee or his dependents to pay them out of the compensation awarded, it will often result in their receiving but little compensation, and the purpose of the statute will be defeated. The danger of lack of attention is much less than the danger of having the compensation consumed by excessive fees for medical and hospital treatment. It seems to us, therefore, that the employer who pays out sums in excess of his stat-

812

utory liability does so at his own risk and may not have them credited against the compensation. To the extent that it announces a contrary doctrine, the case of Harvey Coal Corporation v. York, supra, is overruled.

Judgment Affirmed.

Whole court sitting.