## RATLIFF et al. v. CUBBAGE et al.

Court of Appeals of Kentucky.
Dec. 6, 1951.

V. R. Bentley, Pikeville, for appellant.
Baird & Hays, Pikeville, for appellee.

LATIMER, Justice.

On August 26, 1946, Dick Ratliff sustained injuries while employed by the Caudill-Ward Coal Company. He was paid compensation benefits from that date until October 19, 1947, when his case was reopened because of disagreement as to extent of disability. However, Ratliff died before the Board rendered an award. His claim was revived by his dependents, who, in addition, contended that his death was the result of an industrial accident.

The Board awarded the dependents total and permanent compensation benefits from the date payments were suspended until the date of his death, but further held that Ratliff's death was not the result of an industrial accident. The dependents were also awarded medical expenses reasonably incurred as a result of the injury sustained, not to exceed the sum of $400. The Board's award was upheld by the circuit court and affirmed by this court. See Mary Ratliff v. Cubbage, 314 Ky. 716, 236 S.W.2d 944, decided by this court on February 23, 1951.

Ratliff's dependents then filed a motion in the circuit court and sought allowance for medical expenses in addition to the amount of compensation and interest which was awarded. The Caudill-Ward Coal Company filed a response, stating that the insurance carrier had paid out $521.21 in medical expenses, which was more than sufficient to cancel the award in this respect. Photostatic copies of canceled checks were filed to verify this allegation. The court thereupon overruled the dependents' motion regarding the medical expenses, to which exception was taken and an appeal prayed to this court, which was granted.

KRS 342.020, at the time of this accident, limited an employer's obligation regarding medical expenses for a disabled employee as follows: " * * * not exceeding ninety days nor exceeding a total expense to the employer of more than two hundred dollars. The board may, by order made within the ninety day period * * extend the limit of expense to not exceeding four hundred dollars."

In Stearns Coal & Lumber Co. v. Vanover, 262 Ky. 808, 91 S.W.2d 518, we held that an employer who voluntarily pays for medical, surgical and hospital treatment in excess of his statutory liability cannot have the excess credited against compensation in the absence of an agreement to the contrary. However, in the instant case, the employer is not seeking a credit for the amount he paid in excess of his statutory liability. He is merely contending that he has satisfied his statutory obligation in this regard. The proof appears conclusive and the lower court was obviously correct in overruling the dependents' motion.

The judgment is affirmed.