Joseph M. **WHEATLEY**, Jr., Appellant,

v.

**BRYANT AUTO SERVICE and Kentucky Workers' Compensation Board and Honorable Thomas A. Nanney, Administrative Law Judge, Appellees.**

No. 92–SC–698–WC.

Supreme Court of Kentucky.

Sept. 2, 1993.

Bernard S. Ritchie, Jr., Louisville, for appellant.

Mary Ross Terry, Brown, Todd & Heyburn, Louisville, for Bryant Auto Service.

L.T. Grant, Valerie L. Salven, Dept. of Workers' Claims, Frankfort, for Kentucky Workers' Compensation Bd.

Thomas A. Nanney, pro se.

SPAIN, Justice.

This is a workers' compensation case in which we are asked to decide whether the Administrative Law Judge (ALJ), on his own motion, was empowered to correct an error in his Opinion and Award which had not been appealed and which had become final. Both the Workers' Compensation Board (Board) and a majority of a Court of Appeals panel answered in the negative. We disagree and reverse both.

By an Opinion dated October 22, 1990, Hon. Thomas A. Nanney, an ALJ, found the claimant to be permanently occupationally disabled by reason of a work-related wrist injury suffered on March 19, 1979, and awarded twenty-five percent disability for so long as he was disabled but for a period not to exceed 425 weeks. The claim was not time-barred since the employer had failed to give Mr. Wheatley written notice of his right to file a claim, as then required by statute.

Some thirty-five days later, the ALJ realized that he had mistakenly applied the 425–week duration of benefits limitation to this 1979 injury claim. Accordingly, the Opinion and Order was amended on November 26, 1990, to reflect that the benefits would continue for so long as Wheatley was disabled, as provided by the statute in effect as of the time of the injury.

The employer, Bryant Auto Service, then appealed to the Board, arguing that the ALJ erred in reopening the case and extending the duration of benefits to Wheatley. The Board noted that, since no petition for reconsideration had been filed, the October 22, 1990, Opinion and Award became final on November 21, 1990. Consequently, it opined that the only theory upon which the ALJ could amend the award would be by a reopening on his own motion pursuant to KRS 342.125, which states:

(1) Upon its own motion or upon the application of any party and a showing of change of occupational disability, mistake or fraud or newly discovered evidence, the Administrative Law Judge may at any time reopen and review any award or order, except as provided in subsection (2) of this section, ending, diminishing or increasing the compensation previously awarded, within the maximum and minimum provided in this chapter, or change or revoke its previous order, sending immediately to the parties a copy of its subsequent order or award....

The Board then found that the ALJ's "... misapplication of the law does not appear to be the type of 'mistake' which would allow a reopening pursuant to KRS 342.15," citing *Keefe v. O.K. Precision Tool & Die Company*, Ky.App., 566 S.W.2d 804 (1978).

On appeal to the Court of Appeals, a split panel affirmed the Board as to this issue which is the only issue now before this Court, inasmuch as the employer did not file a cross-appeal from the decision of the Court of Appeals.

We agree with the Court of Appeals that "[t]he doctrine of *res judicata* applies to workers' compensation awards, if those awards are not appealed within the thirty-day period and are not subject to a proper reopening under KRS 342.125." (Citing cases.) It is our view, however, that the ALJ's mistake in the present case is cognizable under the quoted statute.

Apparently, the seminal case in Kentucky establishing that the reopening statute (then Kentucky Statutes § 4902) for workers' compensation claims may be invoked for mistakes of law as well as fact is *Stearns Coal & Lumber Co. v. Vanover*, 262 Ky. 808, 91 S.W.2d 518 (1936). There we said, at 519:

Clearly, if a mistake of law is "good cause" for review of an order or decision of the board, it is not perceived why our statute authorizing a review on the ground of mis-

take should not include mistakes of law as well as fact. Indeed, the plain purpose of the statute is to enable the board to deal with the situation in such a way as *to prevent an injustice being done.* We therefore conclude that, unless the case has been passed on by the court on appeal, the board may at any time within the period for which compensation is allowed change or revoke any order on the ground of mistake of law. (Emphasis added.)

Here we have just such a potential injustice. Under the ruling of the Board and the Court of Appeals, Wheatley would be denied compensation benefits after 425 weeks had elapsed, even though all concede that the law mandated that he receive lifetime benefits for his permanent injury. This clearly would be repugnant to the whole spirit of the Workers' Compensation Act.

Several cases are cited in the briefs, both from the Court of Appeals and from this Court, which appear to vacillate regarding this issue. Among those where reopening was denied or later held to constitute error are *Wells v. Fox Ridge Mining Co.,* Ky., 243 S.W.2d 676 (1951); *Beth–Elkhorn Corp. v. McFall,* Ky., 415 S.W.2d 857 (1967); *Young v. Charles Trivette Coal Co.,* Ky., 459 S.W.2d 776 (1970); and *Preston v. Elm Hill Meats, Inc.,* Ky., 483 S.W.2d 136 (1972). The following cases, however, permitted or supported in principle a reopening based upon mistake: *Stearns Coal & Lumber Co. v. Vanover, supra; Messer v. Drees,* Ky., 382 S.W.2d 209 (1964); *Turner Elkhorn Mining Co. v. O'Bryan,* Ky., 414 S.W.2d 410 (1967); *Keefe v. O.K. Precision Tool & Die Co., supra;* and *Schulte v. Workmen's Compensation Bd. of Ky.,* Ky.App. 571 S.W.2d 108 (1978).

We think the latter cases more nearly comport with the intention of the General Assembly in its promulgation of KRS 342.-125, as evidenced by such statements in those cases as follows:

> [B]earing in mind that compensation laws are fundamentally for the benefit of the injured workman, a just claim must not fall victim to rules of order unless it is clearly necessary in order to prevent chaos.

*Messer v. Drees, supra,* at 212.

> The important question is whether the [employee] got the relief to which the law entitled him, based upon the truth as we are now able to ascertain it. (Citation omitted.)

*Turner Elkhorn Mining Co. v. O'Bryan, supra,* at 413, citing *Messer v. Drees, supra.*

> We believe that this line of cases establishes that a doctrine of finality has been adopted in workmen's compensation cases. The award of the Board once final may only be reopened upon a showing that the Board misapplied the law as it was when the award was made.

*Keefe v. O.K. Precision Tool & Die Co., supra,* at 807.

> The case of *Stearns Coal & Lumber Co. v. Vanover,* 262 Ky. 808, 91 S.W.2d 518 (1936), interprets the word "mistake" as used in the Workmen's Compensation Act to include a mistake of law. Therefore, if the Board was guilty of a mistake of law for failing to use the computation methods as set forth in *[C.E.] Pennington [Co., Inc. v. Winburn,* Ky., 537 S.W.2d 167 (1976) ] and *Apache [Coal Co. v. Fuller,* Ky., 541 S.W.2d 933 (1976) ], this case would be subject to reopening.

*Schulte v. Workmen's Compensation Bd. of Ky., supra,* at 109–110.

■ Here we believe that the ALJ was acting properly and in the interest of justice when he availed himself of the statutory remedy set out in KRS 342.125 to correct his admitted mistake in applying the law in this compensation proceeding, just as could have been done under CR 60.02 had it been a civil proceeding. Since the authority for correcting this mistake was statutory, there was no prohibition by reason of the finality of the decision against making the correction, such as there would be had there been a court decision where finality had attached. Accordingly, the decisions of the Court of Appeals and the Board holding otherwise are reversed, and the Order of the ALJ reinstated.

BURKE, Special Justice and LAMBERT, LEIBSON, REYNOLDS and WINTERSHEIMER, JJ., concur.

STEPHENS, C.J., dissents.