**Ron BURROUGHS, Appellant,**

v.

**MARTCO; Honorable Richard M. Joiner, Administrative Law Judge; Honorable J. Landon Overfield, Chief Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 2010–SC–000431–WC.

Supreme Court of Kentucky.

May 19, 2011.

Wayne C. Daub, Louisville, KY, Counsel for Appellant, Ron Burroughs.

Derek Patrick O'Bryan, Sewell, O'Brien & Neal, PLLC, Louisville, KY, Counsel for Appellee, Martco.

## OPINION OF THE COURT

An Administrative Law Judge (ALJ) denied as untimely the claimant's motion to reopen in order to correct a mistake of law in his workers' compensation award. The ALJ also denied as unauthorized his motion to reopen under CR 60.01 and CR 60.02 for the correction of a clerical error in the award. The Workers' Compensation Board and the Court of Appeals affirmed. Appealing, the claimant argues that the ALJ erred as a matter of law by failing to sustain his motions.

We affirm. Although KRS 342.125(1)(c) permits an award to be reopened based on a mistake in applying the law as it existed at the time of the award, KRS 342.125(3) limits the period for such a reopening to four years after the original award or order granting or denying benefits. The Kentucky Rules of Civil Procedure apply to proceedings before an administrative agency only to the extent provided by statute or regulation. Neither Chapter 342 nor 803 KAR 25:010 has adopted CR 60.01 or CR 60.02 with respect to workers' compensation proceedings.

The claimant was born on July 10, 1944. He was employed by the defendant-employer as an installation and service technician, which involved climbing a ladder to work on ceiling-mounted closed circuit televisions, VCRs, cameras, and monitors. His application for benefits alleged a work-related cumulative trauma injury to his neck that became manifest on January 4, 2001. On March 28, 2002 an ALJ awarded him 425 weeks of permanent partial disability benefits based upon a 5% permanent impairment rating.

The claimant moved to reopen the award after undergoing cervical decompression and fusion surgeries in August and November of 2002. In an award rendered on July 19, 2004, the ALJ found that the injury produced a 28% permanent impairment rating. Despite expressing a personal conviction that the claimant could return to work as a service technician, the ALJ noted that the medical experts found him unable to do so and that the weekly benefit for total or partial disability would be the same due to his disability rating and the applicable multipliers. The ALJ then proceeded to state, in pertinent part, as follows:

> The end result is basically that Plaintiff will be entitled to receive the sum of $350.10 per week for the remaining period of his earlier award.
>
> . . . .
>
> Based upon the foregoing Findings of Fact and conclusions of Law, IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:
>
> 1. That Plaintiff is hereby found to be 100% occupationally disabled at this time and shall be entitled to receive the sum of $350.10 per week from the time the motion to reopen was filed, *for the remaining period of his earlier award*, with the Defendant being entitled to a credit for any payments on the old award that overlaps [sic] into the award on reopening. (emphasis added).

The claimant failed to file a petition for reconsideration or to appeal the July 19, 2004 award on the ground that it limited the duration of total disability benefits to the remainder of the original 425–week period.

The employer filed a motion to reopen and medical dispute in September 2006, which the parties resolved after submitting evidence. On May 20, 2008 an ALJ entered an order that dismissed the matter as being moot.

The employer continued to pay total disability benefits under the July 19, 2004 award until February 6, 2009, when the 425–week period of the initial award ended. On March 3, 2009 the claimant filed a motion to reopen based on "mistake" as well as a motion to reopen under CR 60.01 and CR 60.02, in which he asserted that the July 19, 2004 award contained a mistake of law with respect to the duration of total disability benefits. He pointed out that the award entered at reopening should have ordered the employer to pay total disability benefits until such time as he became 66 years of age and eligible for normal old-age social security retirement benefits, which would not occur until July 10, 2010. The ALJ denied the motions despite acknowledging an ALJ's authority to correct an obvious mistake in an award and despite noting that KRS 342.730(1)(a) and (4) entitled the claimant to total disability benefits until he reached age 66 and qualified for old-age social security retirement benefits. The order explained that more than four years had passed from the date of the original award and from the award entered at reopening and also that an ALJ lacks authority to rule on a motion filed under CR 60.01 or CR 60.02.

## I. MOTION TO REOPEN UNDER KRS 342.125(1)(c).

█ KRS 342.730(1)(a) provides that permanent total disability benefits are to be awarded "during that disability," a period the courts have construed as extending "for life." [1] The post-December 12, 1996

---

1. *Stovall v. Williams*, 675 S.W.2d 6 (Ky.App. 1984).

version of KRS 342.730(4) provides, however, that all income benefits awarded under Chapter 342 "shall terminate as of the date upon which the employee qualifies for normal old-age Social Security retirement benefits" or "two years after the employee's injury," whichever occurs last.

KRS 342.730 entitled the claimant to receive income benefits for total disability until he qualified for normal old-age Social Security benefits because the ALJ found him to be "100% occupationally disabled" at reopening. Thus, the July 19, 2004 award clearly contained a patent error. It limited the duration of the total disability benefits awarded at reopening to the remaining weeks of the initial partial disability award. Although KRS 342.185 permits a party to file a petition for reconsideration to bring such an error to the ALJ's attention and have it corrected, the claimant failed to do so and the award became final.

The ALJ who denied the claimant's motion acknowledged that the court construed KRS 342.125(1) (presently KRS 342.125(1)(c)) in *Wheatley v. Bryant Auto Service*[2] as permitting an ALJ to reopen a final award *sua sponte* in order to correct a mistake in applying the law as it existed at the time of the award.[3] *Wheatley* was decided, however, at a time when KRS 342.125 placed no limitations on the time for reopening. That was not the case in February 2009, when the claimant sought to have his award reopened and corrected.

As amended in 2000 and as applicable to the claimant's motion,[4] KRS 342.125(3) provides as follows:

> Except for reopening solely for determination of the compensability of medical expenses, fraud, or conforming the award as set forth in KRS 342.730(1)(c)2., or for reducing a permanent total disability award when an employee returns to work, or seeking temporary total disability benefits during the period of an award, no claim shall be reopened more than four (4) years following the date of the original award or order granting or denying benefits, and no party may file a motion to reopen within one (1) year of any previous motion to reopen by the same party.

KRS 342.125(3) barred a reopening based on "mistake" for the purpose of correcting the claimant's award because he filed his motion more than four years after the original award and more than four years after the subsequent order granting additional benefits.[5] Thus, the ALJ did not err by denying the motion as being untimely.

## II. MOTION TO REOPEN UNDER CR 60.01 OR CR 60.02.

Workers' Compensation is a statutory creation. KRS 342.228 assigns the responsibility for administering workers' compensation claims to the Department of Workers' Claims. Moreover, KRS 342.270(3) directs the Department's Com-

---

2. 860 S.W.2d 767 (Ky.1993).

3. The court noted that the *res judicata* doctrine applies to workers' compensation awards that are final and not subject to a proper reopening under KRS 342.125. The court concluded, however, that "[s]ince the authority for correcting this mistake was statutory, there was no prohibition by reason of the finality of the decision against making the correction, such as there would be had there been a court decision where finality had attached." *Id.* at 768–69.

4. *See Meade v. Reedy Coal Co.*, 13 S.W.3d 619 (Ky.2000).

5. *See Hall v. Hospitality Resources, Inc.*, 276 S.W.3d 775 (Ky.2008).

missioner to promulgate administrative regulations to establish the procedures for resolving claims.

The ALJ did not err by refusing to consider the claimant's motion to reopen based on CR 60.01 and CR 60.02. The Kentucky Rules of Civil Procedure "govern procedure and practice in all actions of a civil nature in the Court of Justice" [6] but apply to proceedings before an administrative agency only to the extent provided by statute or regulation. Although the regulations that govern workers' compensation proceedings have adopted several of the Rules of Civil Procedure, they have not adopted CR 60.01 or CR 60.02. KRS 342.125(1) states the only grounds for reopening a final workers' compensation award. The court acknowledged as much in *Wheatley v. Bryant Auto Service* when noting that KRS 342.125 provided a statutory remedy to correct the ALJ's mistake of law, "just as could have been done under CR 60.02 had it been a civil proceeding." [7]

The decision of the Court of Appeals is affirmed.

All sitting. All concur.

---

6. CR 1(2). *See also Board of Adjustments of the City of Richmond v. Flood,* 581 S.W.2d 1, 2 (Ky.1978).

7. 860 S.W.2d at 769.