**SIDNEY COAL COMPANY, INC., Appellant,**

v.

**Paul KIRK; Honorable Lawrence F. Smith, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 2011–SC–000175–WC.

Supreme Court of Kentucky.

April 26, 2012.

A. Stuart Bennett, Jackson Kelly PLLC, Lexington, KY, Counsel for Appellant, Sidney Coal Company, Inc.

John Earl Hunt, Stanville, KY, Counsel for Appellee, Paul Kirk.

## OPINION OF THE COURT

The Workers' Compensation Board affirmed an Administrative Law Judge's (ALJ's) decision to triple the income benefits awarded for the claimant's injury and hearing loss claims but reversed the maximum combined weekly benefit *sua sponte* and remanded with directions to correct the amount. The employer appeals the decision in which the Court of Appeals affirmed. At issue are whether the evidence supported a triple benefit for the hearing loss claim and whether the Board exceeded its authority by reversing *sua sponte* and remanding with respect to the maximum weekly benefit allowed by KRS 342.730(1)(d).

We affirm. Substantial evidence showed that the claimant's hearing loss caused him to lack the physical capacity to perform the type of work performed at the time of injury. Moreover, the Board did not exceed its authority under KRS 342.285(2)(c) by ordering the ALJ's misapplication of KRS 342.730(1)(d) to be corrected. Benefits payable under KRS 342.730(1)(c)1 are limited to 100% rather than 75% of the state's average weekly wage.

The claimant was born in 1965 and completed the eleventh grade. He worked for the defendant-employer as an underground coal miner and had previous work experience in construction, yard work, and heavy machinery operation. On October 6, 2008 he filed claims for work-related injuries that occurred on April 7, 2006; May 1, 2006; and October 28, 2006 and filed an occupational hearing loss claim that was amended to allege a last exposure date of October 28, 2006. The parties litigated the claims together.

The ALJ determined that the latter two injuries produced a 24% permanent impairment rating; that the hearing loss produced a 23% impairment rating; and that the claimant did not retain the physical capacity to return to his previous work due to both impairments. Finding his permanent disability to be partial rather than total, the ALJ determined that KRS 342.730(1)(c)1 and 3 entitled him to a 3.0 benefit multiplier based on his disability and a 0.2 multiplier based on his educational level. After calculating awards of $429.16 for the injuries and $400.71 for hearing loss, the ALJ determined that KRS 342.730(1)(d) limited the combined weekly benefits to a maximum of $473.42, *i.e.*, 75% of the state's average weekly wage.

The employer appealed following the denial of its petition for reconsideration, arguing among other things that the ALJ

erred by applying the 3.2 multiplier to the hearing loss benefit. The employer reasoned that no evidence showed a relationship between the claimant's hearing loss and his inability to work after October 28, 2006, noting both his testimony that his injuries and psychological difficulties prevented him from working and his failure to claim that his hearing loss played a role. The employer also argued that the medical evidence concerning the probable effect of continued exposure to hazardous levels of noise was immaterial in light of his testimony that he could not return to work.

Affirming the decision concerning the multiplier, the Board noted that although the ALJ erred by relying in part on Dr. Bilkey's report because it was not admitted into evidence, Dr. Hieronymus's report supported the decision to apply KRS 342.730(1)(c). Although the claimant failed to petition for reconsideration or appeal to complain that the ALJ erred by limiting his combined weekly benefits to 75% of the state's average weekly wage, the Board relied on KRS 342.285(2)(c) to correct the misapplication of KRS 342.730(1)(d) *sua sponte.*

KRS 342.730(1)(c)1 and 3 provide, in pertinent part, as follows:

(c) 1. If, due to an injury, an employee does not retain the physical capacity to return to the type of work that the employee performed at the time of injury, the benefit for permanent partial disability shall be multiplied by three (3) times the amount otherwise determined under paragraph (b) of this subsection, but this provision shall not be construed so as to extend the duration of payments; ...

. . .

3. Recognizing that limited education and advancing age impact an employee's post-injury earning capacity, an education and age factor, when applicable, shall be added to the income benefit multiplier set forth in paragraph (c)1. of this subsection. If at the time of injury, ... the employee had less than twelve (12) years of education or a high school General Educational Development diploma, the multiplier shall be increased by two-tenths (0.2). . . .

Contrary to the employer's argument, KRS 342.730(1)(c)1 does not consider the reason the injured worker states for failing to return to work. It considers whether the worker lacks the physical capacity to return to the type of work performed at the time of the injury. Regardless of the reason that the claimant thought himself to be unable to work, Dr. Hieronymus's testimony established that his exposure to occupational noise caused a compensable hearing loss that would progress if the exposure continued. Such evidence permitted the ALJ to infer reasonably that he did not retain the physical capacity to return to underground coal mining because it would involve continued exposure to hazardous noise.

Consistent with the principle that income benefits compensate workers for occupational disability due to injury,[1] KRS 342.730(1)(d) allows partially disabled workers who no longer retain the physical capacity to perform the type of work performed at the time of injury to receive a greater maximum benefit than other partially disabled workers. KRS 342.730(1)(d) limits benefits payable under KRS 342.730(1)(b) to 99% of 66 2/3% of the individual's average weekly wage or 75% of the state's average weekly wage, whichever is less. In instances where KRS 342.730(1)(c)1 applies, however, the maximum is 99% of 66 2/3% of the individual's

---

**1.** *Adkins v. R & S Body Company,* 58 S.W.3d 428 (Ky.2001).

average weekly wage or 100% of the state's average weekly wage, whichever is less.

The ALJ erred by limiting the claimant's weekly benefits to 75% of the state's average weekly wage because KRS 342.730(1)(c)1 applied to his awards. Based on the parties' stipulation, 99% of 66 2/3% of his average weekly wage was $775.27, but 100% of the state's average weekly wage was $631.22. Although KRS 342.730(1)(d) entitled him to receive combined weekly benefits of $631.22 rather than $473.42, he failed to raise the error by filing a petition for reconsideration or appealing. The employer argues on that basis that the Board lacked the authority to correct the error *sua sponte*. We disagree.

The Board acted properly when it reversed the decision concerning, the limitation on benefits and remanded the claim with directions to correct the error. Contrary to the employer's assertion, the ALJ did not commit an error of fact but a patent error in applying the law to the facts as found. The claimant's failure to file a petition for reconsideration or to appeal would not have prevented the ALJ from correcting such an error *sua sponte* had the ALJ discovered it.[2] In *Whittaker v. Reeder*,[3] which also involved a patent misapplication of the law to the facts, we determined that the Board did not exceed its authority under KRS 342.285(2)(c) by correcting the error *sua sponte* although the worker failed to file a petition for reconsideration or appeal. We rejected an argument that *Eaton Axle Corp. v. Nally*[4] and its progeny precluded the Board from addressing such an error in instances where the worker failed to file a petition

for reconsideration. We reasoned that whether an award conformed to Chapter 342 was a question of law that a court should review, regardless of whether contested by a party,[5] and that KRS 342.285(2)(c) allowed the Board to do so as well.

The decision of the Court of Appeals is affirmed.

All sitting. All concur.

---

2. *Wheatley v. Bryant Auto Service*, 860 S.W.2d 767 (Ky.1993).

3. 30 S.W.3d 138, 143–45 (Ky.2000).

4. 688 S.W.2d 334 (Ky.1985).

5. *Whittaker v. Reeder*, 30 S.W.3d at 144.