RENDERED: JULY 1, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1499-WC

BILL WILDER　　　　　　　　　　　　　　　　　　　APPELLANT

v.
　　　　　PETITION FOR REVIEW OF A DECISION
　　　　　OF THE WORKERS' COMPENSATION BOARD
　　　　　ACTION NOS. WC-20-00810 AND WC-20-00811

MUHLENBERG COUNTY COAL CO.;
HONORABLE MONICA RICE-
SMITH, ADMINISTRATIVE LAW
JUDGE; MURRAY ENERGY
CORPORATION; AND WORKERS'
COMPENSATION BOARD　　　　　　　　　　　　　　APPELLEES

OPINION
AFFIRMING IN PART, REVERSING IN PART AND REMANDING

** ** ** ** **

BEFORE: CETRULO, LAMBERT, AND McNEILL, JUDGES.

LAMBERT, JUDGE: Bill Wilder petitions for review of a decision of the

Workers' Compensation Board (the "Board") which reversed an administrative law

judge's ("ALJ") award of benefits to Wilder for his hearing loss. We affirm in

part, reverse in part, and remand.

Wilder worked in the coal mining industry for many years. Relevant here, Wilder worked for Ken America Resource, sometimes called Ken American in the record, ("Ken America") from April 2013 to February 2019. From February 2019 until December 2019, Wilder worked for Muhlenberg Coal Company ("Muhlenberg Coal"). Murray Energy Corporation ("Murray Energy") owns Ken America and Muhlenberg Coal.

Wilder, via counsel, filed two applications for workers' compensation benefits in June 2020 – one for hearing loss and one for cumulative trauma, naming "Murray Energy Corp./Pride Mine" as the defendant in each claim. In August 2020, Murray Energy filed a terse "notice of correct employer" which "for clarification purposes, notifies the parties that [Wilder] last worked for Muhlenberg County Coal Company, as insured by Zurich. This employment lasted from February 2019 through December 28, 2019, at which point he [Wilder] was laid off." Record ("R.") at 84. That notice did not seek to have Murray Energy dismissed as a defendant. An ALJ issued an order providing in relevant part that Wilder's "claim is amended to include Muhlenberg County Coal." R. at 96. Thus, Wilder's claim proceeded against both Muhlenberg Coal and Murray Energy, who generally made little distinction between themselves.

An ALJ held a combined final hearing/benefit review conference ("BRC") in March 2021. The transcript of that proceeding shows that when the

ALJ asked if pre-existing impairment was a contested issue, defendants' counsel responded: "Yes, pre-existing impairment and also benefits applicability of [Kentucky Revised Statute] KRS 342.7305, the hearing loss." R. at 338. In relevant part, KRS 342.7305(4) states that "the employer with whom the employee was last injuriously exposed to hazardous noise for a minimum duration of one (1) year of employment shall be exclusively liable for benefits." It is undisputed that Wilder worked for Muhlenberg Coal for less than a year.

Soon thereafter, that ALJ's term of office expired, so Wilder's claims were assigned to a second ALJ, who held her own final hearing in April 2021. At the beginning of that hearing, the ALJ noted that the evidence included a transcript of the BRC/final hearing held by the first ALJ. In their post-hearing brief, defendants repeated their assertion that Wilder's employment with Muhlenberg Coal "does not meet the minimum one-year requirement for hearing loss liability pursuant to KRS 342.7305. As a result, Plaintiff's hearing loss claim against Muhlenberg County Coal Company should be dismissed." R. at 471. Again, however, Murray Energy did not seek dismissal as a defendant.

In June 2021, the ALJ issued a decision awarding Wilder benefits on his hearing loss claim. The ALJ noted the parties' stipulation that an employment relationship existed between Wilder and "the defendant/employer . . . ." R. at 484. Thus, the opinion did not analyze whether Murray Energy was Wilder's employer.

-3-

The ALJ ordered "Murray Energy/Muhlenberg County Coal" to pay disability benefits and related medical expenses to Wilder. Though the opinion and award listed "[b]enefits per KRS 342.7305" as a contested issue, it contained no substantive discussion thereof. R. at 485.

Muhlenberg Coal filed a petition for reconsideration; Murray Energy did not. Muhlenberg Coal argued that Wilder "did not work for the Defendant/Employer for more than one year, which precludes the award of any benefits for alleged hearing loss **against Muhlenberg**." (Emphasis added.) The petition for reconsideration did not facially allege that Murray Energy was not Wilder's employer. Toward that end, in his response to the petition, Wilder maintained that he worked for Murray Energy and had done so long enough to meet the requirements of KRS 342.7305(4).

The ALJ held that Wilder had "established he worked in excess of one year for Murray Energy." R. at 500. So, the ALJ amended the opinion and award to reflect that Murray Energy alone was responsible for paying Wilder's disability benefits. In other words, the ALJ relieved Muhlenberg Coal from being responsible for Wilder's disability benefits. However, likely by oversight, the ALJ did not concomitantly amend the portion of the opinion and award making Muhlenberg Coal and Murray Energy jointly liable for Wilder's compensable medical expenses.

Muhlenberg Coal appealed to the Board; neither Wilder nor Murray Energy did. Murray Energy's lack of active participation in Muhlenberg Coal's appeal is highlighted by the fact that Muhlenberg's brief to the Board stated that its author "represents Muhlenberg not Murray . . . in this action."[1] R. at 549. Muhlenberg Coal's main argument was that it had to be dismissed as Wilder "should not be allowed to recover from Muhlenberg [Coal] as the language in KRS 342.7305(4) clearly precludes the same." R. at 542. But, as Muhlenberg Coal noted in its brief, the ALJ on reconsideration had amended the opinion and award to "only include Murray Energy[,]" as being responsible for paying Wilder's disability benefits. *Id.*

In November 2021 the Board issued an opinion purporting to reverse the ALJ's decision to require Muhlenberg Coal to pay disability benefits to Wilder. The gist of the Board's conclusion was that Wilder had not worked for Muhlenberg Coal for one year, as required by the plain language of KRS 342.7305(4). Of course, the ALJ had already amended the opinion and award to reflect that Muhlenberg Coal was not responsible for Wilder's disability benefits. Next, the

---

[1] The same counsel repeats that assertion in this Court in the response to Wilder's petition for review. The assertions are dubious. As the ALJ noted, it appeared all along as if Murray Energy and Muhlenberg Coal shared counsel. Indeed, both the brief to the Board and the response in this Court to Wilder's petition for review contain the electronic signature of Attorney Taylor L. Oldham immediately above the printed names of both Oldham and Attorney Donald J. Niehaus. Niehaus submitted documents during the administrative process which stated that he represented both Murray Energy and Muhlenberg Coal. R. at 476-80.

Board remanded the matter to the ALJ to "determine whether Murray Energy constitutes the employer with whom Wilder was last injuriously exposed to hazardous noise <u>and</u> was employed for a minimum of one year." R. at 605. Wilder then filed this petition for review.

Briefly, we agree with the Board that Muhlenberg Coal adequately preserved its arguments regarding KRS 342.7305(4) by, for example, raising the issue at the first BRC and in its post-hearing brief. We also agree with the Board that the plain language of KRS 342.7305(4) meant that Muhlenberg Coal cannot be responsible for Wilder's hearing loss since he worked for Muhlenberg Coal for less than a year. But those are academic concerns, given the fact that the ALJ's decision on reconsideration no longer required Muhlenberg Coal to pay Wilder's disability benefits.

We also agree with the Board that the ALJ erred by making Muhlenberg Coal and Murray Energy jointly responsible for paying Wilder's compensable medical expenses. As the Board aptly noted, Muhlenberg Coal cannot be held financially responsible *at all* for matters stemming from Wilder's hearing loss under the plain language of KRS 342.7305(4). Thus, when the ALJ relieved Muhlenberg Coal from its responsibility for making income payments to Wilder, the ALJ should concomitantly have relieved Muhlenberg Coal from its joint responsibility for Wilder's compensable medical expenses.

-6-

We now turn to the heart of this petition for review, Wilder's

challenge to the Board's decision to remand the matter to the ALJ to analyze

further whether Murray Energy was Wilder's employer. The potential impact of

that remand upon Wilder is obvious. Without that remand, he was entitled to

recover benefits and related medical expenses from Murray Energy. On remand,

however, his ability to receive those benefits could be eliminated if the ALJ were

to determine that Murray Energy was not his employer. We agree with Wilder's

bottom-line argument that the remand was improper, though our analysis does not

precisely track the contents of his petition for review.

For reasons not apparent from the face of the record, Wilder never

named Ken America as a defendant.[2] Consequently, only Murray Energy could be

responsible for paying benefits to Wilder. And, in turn, Murray Energy could only

be responsible if it had been Wilder's employer since KRS 342.7305(4) provides in

relevant part that "*the employer* with whom the employee was last injuriously

---

[2] Murray Energy strenuously argues that Ken America was the sole proper defendant as it was the last employer for whom Wilder worked for one year. It is undisputed that Wilder worked directly for Ken America, which is owned by Murray Energy. Thus, under Murray Energy's view, Wilder's last employer was Ken America. In turn, since Ken America was not a named defendant, Wilder cannot receive benefits under KRS 342.7305, which places liability for hearing loss claims on the last employer for whom the claimant worked at least one year. It would have been better practice for Wilder to have named Ken America as a defendant. *See* 803 Kentucky Administrative Regulations ("KAR") 25:010 § 2(3)(a) ("All persons shall be joined as defendants against whom the ultimate right to relief pursuant to KRS Chapter 342 may exist, whether jointly, severally, or in the alternative."). But, as we shall discuss, Murray Energy stipulated to having an employment relationship with Wilder and did not raise this precise argument timely and directly. Therefore, under the unique facts of this case, we reject Murray Energy's argument that Wilder's failure to name Ken America as a defendant is dispositive.

exposed to hazardous noise for a minimum duration of one (1) year of employment shall be exclusively liable for benefits." (Emphasis added.)

In a typical case involving similar facts, an ALJ would have to engage in rigorous analysis to determine whether the parent entity could be deemed the employer, for workers' compensation purposes, of someone who worked directly for one of the parent's subsidiaries. *See, e.g.*, *Inter-Tel Techs., Inc. v. Linn Station Properties, LLC*, 360 S.W.3d 152, 163-64 (Ky. 2012) (discussing some factors to be considered when determining whether a parent may be deemed liable for the acts of its subsidiary in the context of determining whether to pierce a corporate veil). Here, however, there are three main reasons why there was no need for the ALJ to conduct that additional analysis, even though there is almost nothing in the record describing Wilder's relationship with Murray Energy or Murray Energy's relationship with Muhlenberg Coal or Ken America.

First, Murray Energy stipulated to having an employment relationship with Wilder. In its updated notice of disclosures submitted before the combined BRC/final hearing held before the first ALJ, defendants listed "[e]mployment relationship" as a stipulated issue. R. at 326. In addition, the first ALJ's order memorializing the BRC/final hearing stated that the parties had stipulated that "[a]n employment relationship existed between the Plaintiff and Defendant-Employer at all relevant times." R. at 328. Third, at that first hearing,

defendant(s)' counsel also orally agreed that there was such an employment relationship. Counsel did not distinguish between Murray Energy and Muhlenberg Coal vis-à-vis the stipulation(s), which would have been necessary to do if the stipulation was intended to apply to only one of the two defendants.

The Board thus required the ALJ to analyze a matter to which the parties had stipulated, contrary to the rule that only matters which were contested after the BRC may be addressed in further proceedings. *See* 803 KAR 25:010 § 13(12) ("Only contested issues shall be the subject of further proceedings."); *Hale v. CDR Operations, Inc.*, 474 S.W.3d 129, 139-40 (Ky. 2015) (discussing the binding nature of stipulations in workers' compensation proceedings). Remanding to the ALJ to address a stipulated issue was improper and manifestly unfair to Wilder.

The second, closely related, main reason the Board erred is that Murray Energy did not timely contest before the ALJ whether it had an employment relationship with Wilder, likely due to the stipulation. Thus, we agree with Wilder that Murray Energy waived the issue of whether it was Wilder's employer. 803 KAR 25:010 §13(12). And Wilder consistently testified at both hearings that he was employed by Murray Energy, so there is substantial evidence in the record to support the ALJ's finding that Murray Energy was his employer. *Wal-Mart v. Southers*, 152 S.W.3d 242, 245 (Ky. App. 2004) (internal quotation

-9-

marks and citation omitted) ("If a decision is made in favor of the claimant, the question on appeal is whether the decision . . . is supported by substantial evidence.").

Third, the Board's remand for additional analysis was improper because Murray Energy did not file for reconsideration, nor did it appeal to the Board. The ALJ's decision thus was final regarding Murray Energy's status as Wilder's employer, just like Wilder's failure to appeal made final the ALJ's decision denying his cumulative trauma claim. *See, e.g.*, *Wheatley v. Bryant Auto Service*, 860 S.W.2d 767, 768 (Ky. 1993) (citations omitted) (holding that "*res judicata* applies to workers' compensation awards, if those awards are not appealed within the thirty-day period and are not subject to a proper reopening under KRS 342.125.").[3]

In short, in requiring the ALJ to analyze whether Murray Energy was Wilder's employer, the Board "overlooked or misconstrued controlling statutes or precedent" and "committed an error in assessing the evidence so flagrant as to cause gross injustice." *Western Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992).

---

[3] *Wheatley* was superseded in part by statute on other grounds, as stated in *Burroughs v. Martco*, 339 S.W.3d 461, 464 (Ky. 2011). Here, there was no reopening, nor have the parties argued there were proper grounds to reopen under the factors listed in KRS 342.125(1) (fraud, newly discovered evidence, mistake, or a change in Wilder's disability).

-10-

The net effect of the foregoing is as follows. We affirm the Board to the limited extent that it remanded the matter to the ALJ to dismiss Muhlenberg Coal as a party. The Board must direct the ALJ to amend the opinion and award by dismissing Muhlenberg Coal and making plain that Murray Energy, not Muhlenberg Coal, is responsible for paying both Wilder's disability benefits and related medical expenses. We reverse the Board's decision to remand the matter to the ALJ to examine whether Murray Energy was Wilder's employer. When the ALJ receives the matter on remand from the Board, no additional analysis regarding whether Murray Energy was Wilder's employer is necessary.

For the foregoing reasons, the Workers' Compensation Board is affirmed in part and reversed in part, and the matter is remanded to the Board with directions to remand it to the ALJ to make the limited changes in the opinion and award discussed herein.

ALL CONCUR.

BRIEF FOR APPELLANT:

Thomas E. Springer, III
Madisonville, Kentucky

BRIEF FOR APPELLEE
MUHLENBERG COUNTY COAL
CO.:

Donald J. Niehaus
Taylor L. Oldham
Lexington, Kentucky