RENDERED:  OCTOBER 20, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0482-WC

SHERRI DOOM                                                                                    APPELLANT


v.                    PETITION FOR REVIEW OF A DECISION
                      OF THE WORKERS' COMPENSATION BOARD
                      ACTION NO. WC-19-50668


MCCRACKEN COUNTY BOARD OF
EDUCATION; COMMONWEALTH
OF KENTUCKY WORKERS'
COMPENSATION BOARD; AND
HONORABLE STEPHANIE L.
KINNEY, ADMINISTRATIVE LAW
JUDGE                                                                                          APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; EASTON AND KAREM, JUDGES.

KAREM, JUDGE:  Sherri Doom ("Doom") petitions this Court for review of the

decision of the Workers' Compensation Board (the "Board") affirming an

Administrative Law Judge's ("ALJ") Opinion and Order dismissing her claims for

permanent income or medical benefits.  The ALJ based the dismissal on Doom's

failure to submit a causation opinion supporting her allegations that a work accident caused a permanent injury and necessitated lumbar fusion surgery. Following a review of the facts and law, we affirm.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

In 1998, Doom underwent lumbar fusion surgery at the L4-L5 level for an injury sustained when she fell from a truck she was inspecting. The facts as outlined by the ALJ are not in dispute:

> [After the 1998 surgery], she was physically unable to return to her work in the trucking industry. She then started selling insurance. She began working with Kentucky Farm Bureau in 2003. Doom drove a school bus for McCracken County from 2008 to 2013, in addition to her work as an insurance agent. She returned to work for McCracken County in 2018 as a bus monitor where she earns $11.97 per hour. She occasionally drives a school van for student trips.
>
> Doom underwent a revision discectomy at the L4-L5 level in 2008 or 2009. . . .
>
> On December 17, 2019, Doom was directed to report to the local Kentucky Transportation Cabinet office for a random drug screen. She stated the office was in a temporary location, and there were no handrails along the steps. She missed a step as she was exiting the office, fell forward and caught herself on her hands and knees. . . . She returned to work and continued working until her April 2021 [L4-L5 lumbar fusion] surgery. She missed approximately two and a half months of work after the fusion surgery, returning in July 2021. She has missed no additional work since returning from the surgery. She testified the 2021 surgery resolved her low back pain.

Dr. K. Brandon Strenge ("Dr. Strenge") was Doom's treating physician and performed staged revisions to the lumbar fusion at L4-L5 on April 14, 2021, and April 19, 2021.

On November 23, 2021, Doom filed an Application for Resolution of Injury Claim ("Form 101") with the Kentucky Department of Workers' Claims wherein Doom identified Dr. Strenge as the physician "whose report will be provided[.]" Dr. Strenge did, in fact, author a report dated October 9, 2021, which provided an opinion on causation and permanent impairment. As required, Doom provided a Medical Waiver and Release ("Form 106") with which her employer could obtain her medical records.

On February 23, 2022, Dr. Magone, an independent medical evaluator, examined Doom. Dr. Magone listed correspondence from Dr. Strenge, dated October 9, 2021, as a source document in the Independent Medical Evaluation Report. However, this report was never submitted to the ALJ for consideration before the final hearing. At the final hearing, conducted by video conference, the following exchange took place:

> ALJ: Well, then let me take a moment to review the evidence that's been submitted in this claim. We'll start with the form 101 since that is the pleading that sort of gets everything going. So, [attorney for Doom], you filed the form 101 on Ms. Doom's behalf that included various attachments. Then it looks like you filed some wage records, as well. Did you file anything else, sir?

-3-

DOOM'S ATTORNEY:  I'm just trying to make sure Dr. Strenge's report was attached to the 101.

ALJ:  You can look if you would like, sir.

DOOM'S ATTORNEY:  I'm double checking.  I just want too (sic) make sure that I did that.  Yeah, it's in the record.  It looks like actually [defense counsel] filed it.

ALJ:  So again, we have form 101 with attachments and then filings regarding wage records.  You didn't file anything else; is that correct, sir?

DOOM'S ATTORNEY:  That is correct.

ALJ:  Now, [defense counsel], on behalf of McCracken County Board of Education, you've deposed Ms. Doom previously.  I note that transcript had four exhibits; does that sound correct?

DEFENSE COUNSEL:  Exactly right.

ALJ:  We've got it looks like three filings from Orthopedic Institute of Western Kentucky?

DEFENSE COUNSEL:  Yes.

ALJ:  We've got an AWW post as well as an AWW1. We have a report from Doctor Magone, M-A-G-O-N-E. We also have some records of reports from Nelson Chiropractic as well as a report from Doctor Darryl, D-A-R-R-Y-L, Thomas, T-H-O-M-A-S.  Does that cover everything that the defendant filed?

DEFENSE COUNSEL:  Your Honor, that covers everything.

Following the hearing, and pursuant to ALJ order, Doom filed a brief that mistakenly referenced Dr. Strenge's report as having been filed with the Form

-4-

101. "'Again, the patient was essentially asymptomatic prior to the work injury and the work injury is what brought her symptoms into reality requiring surgery after failing attempts at conservative measures.' *Report of Dr. Strenge, filed with Form 101*." (Emphasis in original.)

The ALJ rendered her opinion on October 11, 2022, and it was not until after the ALJ dismissed the claim for lack of a supporting opinion that Doom realized the omission of the pertinent opinion from Dr. Strenge. Doom filed a Petition for Reconsideration on October 19, 2022, attaching Dr. Strenge's correspondence in an effort to correct the prior omission. Doom argued that her attorney believed he had filed Dr. Strenge's letter with the Form 101. Doom further argued her counsel's belief was bolstered by the failure of defense counsel to file a motion to dismiss or seek summary disposition of the matter. Further, Doom maintained that her employer was not prejudiced by failing to attach the report because she believed Dr. Magone had a copy of it prior to filing his Independent Medical Evaluation Report. Doom asked that she not fall victim to procedural rules based on her attorney's mistaken belief that he had timely filed Dr. Strenge's letter.

The ALJ overruled the motion as failing to set forth any patent errors. Doom then filed a notice of appeal with the Board. Subsequently, the Board

entered an opinion affirming the ALJ regarding Dr. Strenge's letter. This appeal followed.

## ANALYSIS

Before addressing the substance of the arguments on appeal, we begin by discussing Doom's conformity, or lack thereof, with the appellate rules of procedure. Doom's brief does not "contain at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner." Kentucky Rule of Appellate Procedure ("RAP") 32(A)(4).

"Compliance with [RAP 32(A)][1] is mandatory." *Smothers v. Baptist Hospital East*, 468 S.W.3d 878, 881 (Ky. App. 2015) (citation omitted). The purpose of this rule is to ensure "that we, the reviewing Court, can be confident the issue was properly presented to the trial court and therefore, is appropriate for our consideration." *Oakley v. Oakley*, 391 S.W.3d 377, 380 (Ky. App. 2012).

"Our options when an appellate advocate fails to abide by the rules are: (1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions, [RAP 31(H)(1)][2]; or (3) to review the issues raised in the

---

[1] Kentucky Rule of Civil Procedure ("CR") 76.12 has been replaced with a nearly identical provision about requiring preservation statements contained in the new Rules of Appellate Procedure effective January 1, 2023.

[2] CR 76.12(8) has been replaced with RAP 31(H)(1): "A brief may be stricken for failure to substantially comply with the requirements of these rules."

brief for manifest injustice only[.]" *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010) (citing *Elwell v. Stone*, 799 S.W.2d 46, 47 (Ky. App. 1990)).

In this case, Doom made a due process argument for the first time on appeal to this Court and failed to state in her brief where this argument was preserved for our review. Due to this failure to provide the required preservation statement, we decline to address Doom's due process argument.

However, because the record is small, we have determined Doom preserved her argument regarding whether the case should be sent back to the ALJ for findings of fact and a determination of whether excusable neglect occurred. Therefore, we will ignore the deficiency and proceed with a review of this argument.

a. **Standard of Review**

In *Tryon Trucking, Inc. v. Medlin*, 586 S.W.3d 233 (Ky. 2019), the Supreme Court stated:

> The well-established standard of review for the appellate courts of a workers' compensation decision "is to correct the [Workers' Compensation] Board only where the Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *E.g.*, *Western Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992); *Butler's Fleet Serv. v. Martin*, 173 S.W.3d 628, 631 (Ky. App. 2005); *Wal-Mart v. Southers*, 152 S.W.3d 242, 245 (Ky. App. 2004). *See also Special Fund v. Francis*, 708 S.W.2d 641, 643 (Ky. 1986) (if the fact-finder finds in

favor of the person having the burden of proof, the burden of appeal is only to show that there was some substantial evidence to support the decision); *cf. Gray v. Trimmaster*, 173 S.W.3d 236, 241 (Ky. 2005) (if the ALJ finds against the party having the burden of proof, the appellant must "show that the ALJ misapplied the law or that the evidence in her favor was so overwhelming that it compelled a favorable finding").

*Id.* at 237-38.

### b. <u>Discussion</u>

Throughout the record, Doom readily admits that the failure to submit Dr. Strenge's causation letter was an oversight on her part. As such, she motioned the ALJ to reopen her claim under Kentucky Revised Statute ("KRS") 342.125 based on excusable neglect, asking that the ALJ reassess her claim and consider Dr. Strenge's opinion regarding causation.

KRS 342.125 states:

(1) Upon motion by any party or upon an administrative law judge's own motion, an administrative law judge may reopen and review any award or order on any of the following grounds:

(a) Fraud;

(b) Newly-discovered evidence which could not have been discovered with the exercise of due diligence;

(b) *Mistake*; and

(d) Change of disability as shown by objective medical evidence of worsening or improvement of

-8-

> impairment due to a condition caused by the injury
> since the date of the award or order.

(Emphasis added.)

While KRS 342.125(1)(c) lists "mistake" as a valid ground for reopening a claim, the statute does not contain the specific term "excusable neglect." However, Doom argues the justification for reopening a non-Workers' Compensation judgment via CR 60.02[3] can be equated to reopening a Workers' Compensation Claim under KRS 342.125(1)(c), citing *Wheatley v. Bryant Auto Service*, 860 S.W.2d 767 (Ky. 1993).

In *Wheatley*, an ALJ had previously found the employee permanently disabled from a work-related wrist injury. *Id*. at 768. The ALJ awarded a twenty-five percent disability for so long as Wheatley was disabled, but for a period not to exceed 425 weeks. *Id*. Thirty-five days later, the ALJ realized he had mistakenly

---

[3] CR 60.02:

> On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: (a) mistake, inadvertence, surprise or excusable neglect; (b) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.02; (c) perjury or falsified evidence; (d) fraud affecting the proceedings, other than perjury or falsified evidence; (e) the judgment is void, or has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (f) any other reason of an extraordinary nature justifying relief. The motion shall be made within a reasonable time, and on grounds (a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this rule does not affect the finality of a judgment or suspend its operation.

applied the 425-week duration of benefits limitation to the claim. *Id.* The ALJ

subsequently amended the order to reflect that benefits would continue for so long

as Wheatley was disabled, as provided by the statute in effect at the time of injury.

*Id.*

The employer appealed to the Board, arguing that the ALJ erred in

reopening the case. *Id.* In considering the litigants' arguments, the Supreme Court

recognized that applying the laws, as they were interpreted at the time, could end

in injustice for the employee:

> Apparently, the seminal case in Kentucky
> establishing that the reopening statute (then Kentucky
> Statutes § 4902) for workers' compensation claims may
> be invoked for mistakes of law as well as fact is *Stearns*
> *Coal & Lumber Co. v. Vanover*, 262 Ky. 808, 91 S.W.2d
> 518 (1936). There we said, at 519:
>
>> Clearly, if a mistake of law is "good cause"
>> for review of an order or decision of the
>> board, it is not perceived why our statute
>> authorizing a review on the ground of
>> mistake should not include mistakes of law
>> as well as fact. Indeed, the plain purpose of
>> the statute is to enable the board to deal with
>> the situation in such a way as *to prevent an*
>> *injustice being done*. We therefore conclude
>> that, unless the case has been passed on by
>> the court on appeal, the board may at any
>> time within the period for which
>> compensation is allowed change or revoke
>> any order on the ground of mistake of law.
>> (Emphasis added.)
>
> . . . .

> Here we believe that the ALJ was acting properly and in the interest of justice when he availed himself of the statutory remedy set out in KRS 342.125 to correct his admitted mistake in applying the law in this compensation proceeding, just as could have been done under CR 60.02 had it been a civil proceeding. Since the authority for correcting this mistake was statutory, there was no prohibition by reason of the finality of the decision against making the correction, such as there would be had there been a court decision where finality had attached. Accordingly, the decisions of the Court of Appeals and the Board holding otherwise are reversed, and the Order of the ALJ reinstated.

*Id*. at 768-69.

*Wheatley* is easily distinguishable from the case *sub judice* in that the mistake in *Wheatley* was a mistake of the ALJ on the application of the law, not a mistake, as here, by the claimant. We find no law extending the application of "mistake" to actions on the part of a claimant that might be otherwise forgiven as "excusable neglect" under CR 60.02.

Moreover, the Supreme Court noted in an opinion rendered subsequent to *Wheatley* that "[a]lthough the regulations that govern workers' compensation proceedings have adopted several of the Rules of Civil Procedure, they have not adopted CR 60.01 or CR 60.02. KRS 342.125(1) states the only grounds for reopening a final workers' compensation award." *Burroughs v. Martco*, 339 S.W.3d 461, 465 (Ky. 2011).

Had the legislature wanted to include "excusable neglect" on the part of a claimant as valid grounds to reopen a claim, it would have promulgated a regulation identical to CR 60.02 allowing it. Without clear direction from the Supreme Court or amendment of KRS 342.125, we cannot apply "excusable neglect" as grounds for reversal in the case *sub judice*.

## **CONCLUSION**

For the foregoing reasons, we affirm the Board's opinion.


ALL CONCUR.



BRIEF FOR APPELLANT:

Edwin A. Jones
Jared K. Holt
Paducah, Kentucky

BRIEF FOR APPELLEES:

R. Christion Hutson
Paducah, Kentucky